**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| STENA REDERI AB,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 06-845 C<br><br>Judge Margaret M. Sweeney |

**DEFENDANT'S ANSWER**

Pursuant to Rules 8 and 12 of the Rules of the United States Court of Federal Claims, Defendant hereby answers the averments made in each of the numbered paragraphs of the Complaint filed on December 12, 2006. Upon current information and belief, all averments of the Complaint are denied except to the extent expressly admitted below.

**JURISDICTION AND VENUE**

1. With respect to paragraph 1 of the Complaint, Defendant admits that Plaintiff's claim is one for compensation for the alleged use and manufacture of an invention described in and covered by a United States patent, pursuant to 28 U.S.C. § 1498. Defendant denies the remaining averments.

2. With respect to paragraph 2 of the Complaint, Defendant admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1498(a). Defendant denies that the court has jurisdiction pursuant to 28 U.S.C. § 1491. To the extent that paragraph 2 is deemed to contain other averments of fact, Defendant denies such averments.

## THE PARTIES

3. With respect to paragraph 3 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments and denies the same.

4. With respect to paragraph 4 of the Complaint, Defendant admits that the United States government is the Defendant in this action based upon Plaintiff's allegations of actions and conduct by the United States Navy and its contractors, to the extent that Defendant authorized and consented to the actions and conduct of those contractors. Defendant denies the remaining averments.

## BACKGROUND

5. With respect to paragraph 5 of the Complaint, Defendant admits that, on December 14, 1993, the United States Patent and Trademark Office issued United States Patent No. 5,269,245 ("the '245 patent"), which bears a filing date of January 30, 1992 and is entitled "Hull Structure for Multi-Hull Ships." Defendant admits that a copy is attached to Plaintiff's Complaint as Exhibit A. Defendant admits that the application for the '245 patent claims the priority from Swedish patent application number 9100288, which bears a filing date of January 30, 1991. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

6. With respect to paragraph 6 of the Complaint, Defendant admits that the '245 patent lists Stig Bystedt and Orvar Toreskog as the inventors. Defendant is without knowledge

or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

7. With respect to paragraph 7 of the Complaint, Defendant admits that the '245 patent includes nine claims which are all directed to a hull for multi-hull seagoing vessels. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies the same.

8. With respect to paragraph 8 of the Complaint, admitted.

9. With respect to paragraph 9 of the Complaint, admitted.

10. With respect to the first sentence of paragraph 10 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the averments and denies the same. With respect to the second sentence of paragraph 10 of the Complaint, the allegation that the publicly available information indicates that the X-Craft is covered by and practices Claims 1-9 of the '245 patent is a legal conclusion which requires no response. To the extent that a response is required, Defendant denies the averments.

11. With respect to paragraph 11 of the Complaint, admitted.

12. With respect to paragraph 12 of the Complaint, admitted.

13. With respect to paragraph 13 of the Complaint, admitted.

14. With respect to the first and second sentences of paragraph 14 of the Complaint, admitted. With respect to the third and fourth sentences of paragraph 14 of the Complaint, Defendant objects to averments regarding settlement discussions as they are inadmissible under Fed. R. Evid. 408. Notwithstanding this objection and to the extent that a response is required,

Defendant admits the averment in the third sentence and denies the averments in the fourth sentence.

15. With respect to paragraph 15 of the Complaint, Defendant objects to averments regarding settlement discussions as they are inadmissible under Fed. R. Evid. 408. Notwithstanding this objection and to the extent that a response is required, Defendant admits the averments in paragraph 15.

16. With respect to paragraph 16 of the Complaint, Defendant objects to averments regarding settlement discussions as they are inadmissible under Fed. R. Evid. 408. Notwithstanding this objection and to the extent that a response is required, Defendant admits the averments in paragraph 16.

**COUNT I - UNLICENSED USE OF THE ’245 PATENT**

17. With respect to paragraph 17 of the Complaint, Plaintiff merely re-alleges the preceding paragraphs, which does not require a response. However, to the extent that a response is required, Defendant repeats its admissions and denials of paragraphs 1-16 as stated above.

18. With respect to the first and second sentences of paragraph 18 of the Complaint, admitted. With respect to the final sentence of paragraph 18 of the Complaint, Defendant admits that the X-craft has been used by the Navy within the United States. To the extent that paragraph 18 is deemed to aver any other facts or contentions, the same are denied.

19. With respect to the first sentence of paragraph 19 of the Complaint, Defendant admits that the United States Patent and Trademark Office issued the ’245 patent. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining

averments in the first sentence and denies the same. With respect to the second sentence of paragraph 19 of the Complaint, admitted. With respect to the final sentence of paragraph 19 of the Complaint, the allegation that the hulls of the X-Craft are covered by Claims 1-9, inclusive, of the '245 patent is a legal conclusion which requires no response. To the extent that a response is required, Defendant denies the allegations.

20. With respect to the first sentence of paragraph 20 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the averments and denies the same. With respect to the second sentence of paragraph 20 of the Complaint, admitted.

21. With respect to the first sentence of paragraph 21 of the Complaint, the allegation that Stena is entitled to recovery of reasonable and entire compensation for the Navy's unlicensed use and manufacture of the X-Craft in violation of Stena's rights in the '245 patent is a legal conclusion which requires no response. To the extent that a response is required, Defendant denies the allegations.

**PRAYER**

a.-e. Paragraphs (a) through (e) of the Complaint state Plaintiff's prayer for relief to which no response is required. However, to the extent that paragraphs (a) through (f) are deemed to contain averments, Defendant denies each such averment. Defendant further denies that Plaintiff is entitled to any of the relief requested in paragraphs (a) through (e).

**DEFENSES**

Upon current information and belief, Defendant further answers concerning its defenses:

1. The hulls of the X-Craft do not infringe Claims 1-9, inclusive, of the ’245 patent.

2. Claims 1-9, inclusive, of the ’245 patent are invalid for failure to comply with 35 U.S.C. §§ 102, 103, 112, and perhaps for additional reasons which, when ascertained, Defendant requests leave to add to this Answer or otherwise give notice to Plaintiff.

3. Plaintiff is not entitled to any compensation pursuant to 28 U.S.C. § 1498(a). However, should Plaintiff be awarded compensation, such compensation may include delay compensation but shall not include pre-judgment or post-judgment interest or costs provided by 35 U.S.C. § 284 and 28 U.S.C. § 1961.

4. To the extent that Plaintiff is seeking recovery for any of Defendant’s alleged unauthorized use occurring more than six years before the filing of the Complaint, Plaintiff is precluded from any such recovery, except as set forth in 35 U.S.C. 286.

5. Defendant asserts any and all defenses which are presently unknown to it, but which, when ascertained, Defendant requests leave to add to this Answer.

WHEREFORE, Defendant respectfully requests the following relief:

A. That the Court dismiss the Complaint with prejudice, and that the Court deny each prayer for relief sought by Plaintiff;

B. That the Court adjudge each asserted claim of the ’245 patent invalid for failure to comply with the requirements set forth in 35 U.S.C. §§ 102, 103, and 112;

C. That the Court adjudge each asserted claim of the '245 patent not infringed by or for Defendant;

D. That the Court adjudge that Plaintiff is not entitled to any compensation pursuant to 28 U.S.C. § 1498(a);

E. That Defendant recover from Plaintiff all of its expenses, including costs and attorney fees; and

F. That Defendant have such further relief as the Court deems proper and just.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN J. FARGO
Director

s/*Trevor M. Jefferson*
TREVOR JEFFERSON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Telephone: (202) 307-0333
Facsimile: (202) 307-0345

OF COUNSEL:

GARY L. HAUSKEN
Assistant Director

KIRBY W. LEE
Attorney

April 16, 2007