**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **STENA REDERI AB,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 1:06-cv-00845-MMS** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Court of Federal Claims Rule 16, the parties to this action submit the following Joint Preliminary Status Report.

**(1) Does the Court have jurisdiction over the action?**

This Court has federal jurisdiction pursuant to 28 U.S.C. § 1498(a). This is a claim for the recovery of Plaintiff's reasonable and entire compensation for the use and manufacture for or by the United States of an invention described in and covered by United States Patent Number 5,269,245 ("the '245 patent") without license by the owner thereof pursuant to 28 U.S.C. § 1498(a).

**(2) Should the case be consolidated with any other case and, if so, why?**

No.

**(3) Should trial of liability and damages be bifurcated and, if so, why?**

No.

**(4) Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?**

No. There is no basis for transferring or remanding this case to another tribunal, and the parties are not aware of any related cases in this or any other tribunal.

**(5) In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?**

No.

**(6) Will additional parties be joined?**

No.

At this time, Defendant has not identified any additional parties for joinder.

**(7) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?**

The parties do not anticipate filing of a motion pursuant to RCFC 12(b) or 12(c).

Plaintiff anticipates that a motion for summary judgment that United States Patent Number 5,269,245 covers the X-Craft may be filed after completion of fact and expert discovery.

Defendant anticipates that a motion for summary judgment of invalidity may be filed. As discovery progresses, Defendant will assess whether there are other issues for which no genuine issue of material fact exists and are therefore amenable to a motion for summary judgment. Should such an occasion arise, Defendant will promptly notify the court and the other parties.

**(8) What are the relevant factual and legal issues?**

The parties believe that the relevant issues include:

1. <u>Is the ’245 patent valid?</u>

Defendant contends that the ’245 patent is invalid for failure to meet the requirements of Title 35 of the United States Code, including but not necessarily limited to §§ 103 and 112.

Plaintiff contends that the ‘245 patent was duly and legally issued by the United States Patent Office, that the patent enjoys a presumption of validity upon issuance, and that it is not invalid under any section of Title 35 of the United States Code.

2. Did the Navy's X-Craft infringe the '245 patent?

Plaintiff contends that the United States Navy has a vessel that infringes Claims 1-9 of the '245 patent. Namely, Plaintiff identifies the allegedly infringing vessel as the ship known as the "X-Craft" and/or the "Sea Fighter," which was built by the Titan Corporation ("Titan") under Department of the Navy contract numbers N00014-02-C0466 and N00014-03-C0150

Defendant responds that the X-Craft does not infringe the asserted claims of the '245 patent.

3. If Plaintiff is entitled to compensation, what quantum of reasonable and entire compensation is appropriate?

Plaintiff asserts that the Court must also determine the amount of reasonable and entire compensation that should be paid to Plaintiff pursuant to 28 U.S.C. § 1498(a) for the use and manufacture for or by the United States of the X-Craft to the extent any valid claim of the '245 patent is found to cover the X-Craft.

Defendant responds that Plaintiff's reasonable and entire compensation is governed by § 1498(a) and the corresponding case law. See, e.g., Decca v. United States, 640 F.2d 1156, 1167 (Ct. Cl. 1980).

**(9) What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

Counsel for the parties have conducted two telephonic settlement conferences to date. Counsel have also voluntarily exchanged limited discovery materials informally to facilitate settlement discussions. There is agreement to continue settlement negotiations and counsel agree that there is some promise for settlement of this case. The parties are open to Alternative

Dispute Resolution ("ADR") to facilitate settlement negotiations; however, the parties do not believe ADR would prove helpful until further progress is made by the parties.

**(10) Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why?**

The parties anticipate proceeding to trial, although they are presently engaged in settlement negotiations. Neither party requests expedited trial scheduling. A Joint Proposed Scheduling Plan is being filed herewith.

**(11) Are there special issues regarding electronic case management needs?**

No.

**(12) Is there other information of which the court should be aware at this time?**

No.

**(13) Early meeting of counsel.**

Counsel hereby jointly represent that they conducted an early meeting of counsel pursuant to Appendix A ¶ 3 of the Court's Rules.

**(14) Initial Disclosures pursuant to Rule 26(a)(1).**

The parties jointly stipulate to exchange the initial disclosures required pursuant to RCFC 26(a)(1) by July 13, 2007.

**(15) Proposed date for preliminary status conference.**

The parties request that a preliminary status conference be held on any day of the following days: July 19, 20, 30 or 31, 2007.

Respectfully submitted,

Dated: June 11, 2007

By: *s/David R. Yohannan*

David R. Yohannan, Esq.
KELLEY DRYE & WARREN LLP
3050 K Street, NW, Suite 400
Washington, DC 20007
202.342.8616
202.342.8451 (fax)

OF COUNSEL:

Joseph T. Casey, Jr., Esq.
LAW OFFICES OF JOSEPH T. CASEY, JR.
4507 North 32nd Road
Arlington, Virginia 22207
703.819.0439
703.536.1980 (fax)

Richard J. McGrath, Esq.
MCGRATH, GEISSLER, OLDS &
RICHARDSON, PLLC
P.O. Box 1364
Fairfax, Virginia 22038-1364
703.621.7140 (phone)
703.621.7155 (fax)

*Attorneys for Plaintiff, Stena Rederi AB*

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN J. FARGO
Director

Dated: June 11, 2007

By: *s/Trevor M. Jefferson*

TREVOR M. JEFFERSON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
(202) 307-0333
(202) 307-0345 (fax)

*Attorneys for the United States*

OF COUNSEL:

KIRBY W. LEE
Attorney