**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **STENA REDERI AB,**<br>**Plaintiff,**<br>v.<br>**THE UNITED STATES,**<br>**Defendant.** | **No. 1:06-cv-00845-MMS** |

**PLAINTIFF STENA REDERI AB'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND THINGS FROM DEFENDANT THE UNITED STATES**

TO THE HONORABLE UNITED STATES COURT OF FEDERAL CLAIMS:

Pursuant to RCFC 37 and the authorities cited herein, Plaintiff Stena Rederi AB ("Stena") hereby moves this Court to overrule defendant the United States' objections to Stena's First, Second and Third Requests for the Production of Documents and Things and order defendant to obtain and produce responsive documents from its contractors and subcontractors who are responsible for the design and construction of the accused vessel in this infringement litigation. Counsel for plaintiff have met and conferred with counsel for defendant, but the issues presented in this motion could not be resolved. Declaration of David R. Yohannan at ¶ 2, filed concurrently herewith.

This motion challenges defendant's assertion that it is not obligated to obtain and produce responsive documents from its contractors and subcontractors. Defendant's objection, however, is contrary to its discovery obligations under RCFC 26 and RCFC 34 to produce all responsive documents "which are in the possession, custody or control of the party upon whom the request is served" and is inconsistent with defendant's express contractual right to obtain the requested

documents from its contractors and subcontractors.

## BACKROUND

Plaintiff served first, second, and third requests for the production of documents and things on defendant. Yohannan Declaration at ¶ 2, Exhibit 5. By telephone conference and confirming letter dated November 27, 2007, Stena's counsel advised counsel for the United States that he expected defendant to request and produce documents responsive to plaintiff's requests from its contractor, Titan Corporation ("Titan") and subcontractors Nichols Brothers Boat Builders, Inc. ("Nichols Bros.") and BMT Nigel Gee, Ltd. ("Nigel Gee"). Yohannan Declaration at ¶ 3. In that conference and confirming letter, Stena offered to significantly narrow the scope of its document request to compromise and avoid the need for court intervention. Yohannan Declaration at ¶ 3, Exhibit 1. On December 6, 2007, counsel for Stena again contacted defendant's counsel to determine whether defendant would produce the requested documents. At that time, Stena offered to further compromise its request by limiting it to defendant's subcontractor responsible for the design of the accused vessel, Nigel Gee, a firm located in the United Kingdom. Yohannan Declaration at ¶ 4.

By letter dated December 10, 2007, counsel for the United States reaffirmed its position that its discovery responsibilities "under the Rules of the Court do not extend to requesting documents from its contractors or subcontractors." Yohannan Declaration at ¶ 5, Exhibit 2. This motion follows.

## ARGUMENT

### I. DEFENDANT IS UNDER A DUTY TO PRODUCE ALL RESPONSIVE DOCUMENTS IN THEIR POSESSION, CUSTODY AND CONTROL

RCFC 34(a)[1] provides that "[a]ny party may serve on any other party a request (1) to produce . . . any designated documents . . . which constitute or contain matters within the scope of RCFC 26(b) [i.e., "any matter, not privileged, that is relevant to the claim or defense of any party"] and which are in the possession, custody or control of the party upon whom the request is served." Federal courts have consistently held that documents are deemed to be within the possession, custody or control of a party under Rule 34 if the party has actual possession, custody or control, "*or has the legal right to obtain the documents on demand*, or has the practical ability to obtain the documents from a non-party to the action." *United States ex rel. Stewart v. Louisiana Clinic,* No. Civil Action No. 99-1767 Section "N"(3), 2003 U.S. Dist. LEXIS 9401, *38 (E.D. La. June 4, 2003) (emphasis in original). *See also Cabot v. United States,* 35 Fed. Cl. 80, 83 (1996) ("'Control' comprehends not only possession but also the right, authority, or ability to obtain documents.") (citations omitted); *In re Flag Telecom Holdings, Ltd. Securities Litigation*, 236 F.R.D. 177, 180 (S.D.N.Y. 2006) ("The test for the production of documents is control, not location. Documents may be within the control of a party even if they are located abroad.") (citations omitted). "Such 'control' may be established by the existence of a principal-agent relationship, or the legal right pursuant to a contractual provision." *Rosie D v. Romney*, 256 F. Supp 2d 115, 119 (D. Mass. 2003) (citations omitted).

---

[1] RCFC 34 is identical to FRCP 34. Rules of the United States Court of Federal Claims as amended through November 15, 2007, RCFC 34 Rules Committee Notes at 44.

## II. DEFENDANT HAS CONTROL OVER THE REQUESTED DOCUMENTS

Defendant's contract for the design and construction of the accused vessel, Contract Number N00014-03-C-0150, incorporates contract clause FAR 52.227-2, which provides in relevant part:

> **52.227-2 Notice and Assistance Regarding Patent and Copyright Infringement.**
>
> . . .
>
> (b) In the event of any claim or suit against the Government on account of any alleged patent . . . infringement arising out of the performance of this contract or out of the use of any supplies furnished or work or services performed under this contract, the Contractor shall furnish to the Government, when requested by the Contracting Officer, all evidence and information pertaining to such suit or claim. . . ."
>
> (c) The Contractor agrees to include, and require inclusion of, this clause in all subcontracts at any tier for supplies or services (including construction and architect-engineer subcontracts and those for material, supplies, models, samples, or design or testing services) . . . ."

Contract Number N00014-03-C-0150 at 7-9 (Doc. Prod. Nos. G002-0007 - 09); Federal Acquisition Regulation (FAR) 52.227-2, Notice and Assistance Regarding Patent and Copyright Infringement. Yohannan Declaration at ¶ 6, Exhibits 3 and 4.

Given this express contractual obligation of defendant's contractors and subcontractors, specifically applicable here to a claim of patent infringement, there can be no reasonable dispute that defendant has a "legal right" to, and thus "control" over, responsive documents in the possession of its contractors and subcontractors. Under RCFC 26 and RCFC 34, therefore, defendant is obligated to produce all such documents.

## III. STENA DOES NOT HAVE EQUAL ACCESS TO THE REQUESTED DISCOVERY AND ITS REQUEST IS NOT UNDULY BURDENSOME TO DEFENDANT

Without seriously contesting that it has the requisite "control" over the requested documents under RCFC 34, defendant, citing, RCFC 26(b)(2)(C), asserts that "the discovery

sought is 'obtainable from some other source that is more convenient, less burdensome, or less expensive,' than it is from the contractors themselves." Yohannan Declaration at ¶ 5, Exhibit 2. That simply is not the case here. For example, Stena's only recourse for obtaining discovery from non-party Nigel Gee, a United Kingdom corporation, is to invoke the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, 28 U.S.C.1781 (Thomson/West Supp. 2007).

For Stena, the discovery process under the Hague Convention is time consuming, burdensome, less effective, and expensive. It would require the retention of local U.K. counsel, the issuance by this Court of a Letter of Request that, in turn, must then be transmitted through a central authority in the U.K. to Nigel Gee. What is worse, such an effort is likely to be unsuccessful. By treaty reservation, the United Kingdom will not execute Letters of Request issued for the purpose of pretrial civil document discovery. Hague Convention Article 23. In complete contrast, defendant need only request production of the responsive documents pursuant to its contract, which gives it the legal right to do so.

Defendant complains only that under its contract the requested documents must be "furnished at the expense of the Government." Yohannan Declaration at ¶ 5, Exhibit 2. But defendant provides no facts to support the burdensome nature of that expense. Stena's request, on the other hand, is narrowly tailored to remove any substantial burden. And as a practical matter, the request does not implicate any wide ranging corporate file search. Rather it seeks a limited category of documents pertaining to a discrete contract. In the balance, the burden on Stena to seek alternative discovery far outweighs the burden on defendant.

## CONCLUSION

For the forgoing reasons, plaintiff Stena respectfully requests that the Court overrule defendant's objection to Stena's requests for the production of documents and order defendant to produce responsive documents from its contractors and subcontractors

Dated: December 13, 2007

By: ______________________

David R. Yohannan, Esq.
KELLEY DRYE & WARREN LLP
3050 K Street, NW, Suite 400
Washington, DC 20007
202.342.8616
202.342.8451 (fax)

OF COUNSEL:

Joseph T. Casey, Jr., Esq.
LAW OFFICES OF JOSEPH T. CASEY, JR.
4507 North 32nd Road
Arlington, Virginia 22207
703.819.0439
703.536.1980 (fax)

Richard J. McGrath, Esq.
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
703.716.1191
703.716.1180 (fax)

*Attorneys for Plaintiff, Stena Rederi AB*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of December, 2007, I have caused a true and correct copy of PLAINTIFF STENA REDERI AB'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND THINGS FROM DEFENDANT THE UNITED STATES to be served by hand delivery on:

Kirby W. Lee
Attorney
Intellectual Property Section
Commercial Litigation Branch, Civil Division
Department of Justice
1100 L Street, NW
Room 11110
Washington, DC 20005
(202) 307-0335
(202) 307-0345 (fax)
kirby.lee@usdoj.gov

*Attorney for the United States*

David R. Yohannan