**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **STENA REDERI AB,** **Plaintiff,** v. **THE UNITED STATES,** **Defendant.** | **No. 1:06-cv-00845-MMS** |

**DECLARATION OF DAVID R. YOHANNAN**

I, David R. Yohannan, hereby declare as follows based on my personal knowledge:

1. My name is David R. Yohannan and I am over the age of twenty-one and I am competent to make and execute this declaration based upon my personal knowledge. I am counsel for plaintiff Stena Rederi AB ("Stena") in the above captioned case.

2. Plaintiff has served on defendant three requests for the production of documents and things, true and correct copies of which are attached hereto as Exhibit 5. A dispute about defendants obligation to produce certain of the requested documents has arisen between the parties. As counsel for plaintiff I have met and conferred with counsel for defendant in an effort to resolve the discovery dispute which is the subject of plaintiff's motion being filed on December 12, 2007, but the issues presented in the motion could not be resolved.

3. By telephone conference and confirming letter dated November 27, 2007, I advised counsel for defendant the United States, Kirby Lee, Esq., that Stena expected defendant to request and produce responsive documents from its contractor, Titan Corporation ("Titan") and subcontractors Nichols Brothers Boat Builders, Inc. ("Nichols Bros.") and BMT Nigel Gee,

Ltd. ("Nigel Gee"). In that conference and confirming letter, I offered, on behalf of Stena, to significantly narrow the scope of Stena's document request to compromise and avoid the need for Court intervention. *See* letter dated November 27, 2007 from David R. Yohannan to Kirby Lee Esq., a true and correct copy of which is attached hereto as Exhibit 1.

4. On December 6, 2007, I again contacted defendant's counsel by telephone to determine whether defendant would produce the requested documents. At that time, I offered to further compromise Stena's request by limiting it to defendant's subcontractor responsible for the design of the accused vessel, Nigel Gee, a firm located in the United Kingdom. Defendant's counsel Kirby Lee, Esq. did not agree to produce the requested documents in response to my offer to further compromise.

5. By letter to me from defendant's counsel Kirby Lee, Esq. dated December 10, 2007, a true and correct copy of which is attached hereto as Exhibit 2, counsel for the United States reaffirmed its position that its discovery responsibilities "under the Rules of the Court do not extend to requesting documents from its contractors or subcontractors." Exhibit 2 at 2.

6. Attached hereto as Exhibit 3 are true and correct copies of the pages (G002-0007 to 0009) of defendants contract for the design and construction of the accused vessel, Contract Number N00014-03-C-0150, produced by defendant in this litigation that incorporate FAR Contract Clause 52.227-2. Attached hereto as Exhibit 4 is a true and correct copy of FAR Contract Clause 52.227-2.

I hereby declare under penalty of perjury that the foregoing is true and correct based upon my personal knowledge, information and belief, this 13th day of December 2007.

David R. Yohannan

# Exhibit 1

KELLEY DRYE & WARREN LLP
A LIMITED LIABILITY PARTNERSHIP
3050 K. STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20007
(202) 342-8400

NEW YORK, NY
TYSONS CORNER, VA
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ
BRUSSELS, BELGIUM
AFFILIATE OFFICES
MUMBAI, INDIA

FACSIMILE
(202) 342-8451
www.kelleydrye.com

David R. Yohannan
Partner
202.342.8616
DYohannan@kelleydrye.com

November 27, 2007

**VIA EMAIL AND FIRST CLASS MAIL**

Kirby Lee, Esq.
Department Of Justice
Intellectual Property Section
Commercial Litigation Branch
Civil Division
1100 L Street, NW
Room 11110
Washington, DC 20005

**Re: Stena Rederi, AB v. The United States**

Dear Kirby:

I am writing to confirm a few matters that we have discussed by telephone. To the extent that a response to the following is required, we request that it be provided within ten (10) days of the date of this letter.

The first matter concerns confirmation that the documents produced by the Government in response to Stena's requests include documents from the files of the X-Craft contractors and subcontractors. When we brought this issue to your attention during a recent telephone call you affirmed that the Government did not request, nor was it producing, any documents which are responsive to Stena's document requests from the files of any X-Craft contractors or subcontractors.

We believe that the Government has a duty to request and produce such documents under RCFC 34(a) because the Office of Naval Research's contract to build the X-Craft specifically incorporates FAR contract clause 52.227-2 (*See* Doc. No. G002-0009). Nevertheless, to compromise and to avoid the need for Court intervention, we offer to narrow the scope of Stena's requests for documents in the possession of contractors and subcontractors to those documents responsive to Stena's requests Nos. 1-4, 8, 10-12, 23, 34 and 36-38. Please advise if the Government will request and produce such documents within the next ten days.

The second matter that we wish to address is our discussion regarding the Government's responses to Plaintiff's First Request for the Production of Documents and Things served October 29, 2007. Shortly after receiving the Government's responses, I called you to request clarification of a number of responses and objections. Based on that conversation, I have the following understandings:

1. In the "Comments and General Objections" section of the Government's responses, the Government reserves the right to exclude from discovery "documents containing proprietary or other commercial information provided to Defendant on a pledge of secrecy and confidentiality." I expressed a concern that this exclusion, as expressed, could conceivably cover all confidential documents provided by any third party to the Government. You assured me that this exclusion was not intended to cover all third party confidential documents, but was instead intended only to exclude from discovery any documents which cannot be disclosed to Stena for national security reasons. You informed me that to the extent that this exclusion is relied upon to restrict the disclosure of any particular document, you will so inform me. It is my understanding that, to date, no documents are being withheld pursuant to this particular objection.

2. The Government has made two productions of documents so far. There are two gaps in the range of documents produced to date, namely Doc. Nos. GX00035-37 and Doc. Nos. GX00586-621. You informed me that these two documents are technical manuals that are being withheld from production because they are marked as proprietary by a contractor. We do not believe that the documents being marked as proprietary justifies withholding them from production. Please reconsider the Government's position with respect to the production of these documents and advise us accordingly in the next ten days.

3. RCFC 34(b) requires that documents be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in the request for production. The production of the Government's documents was not segregated by document request number and did not indicate from whose files the documents were obtained, *i.e.*, the Government's documents were not produced in a manner consistent with how they were kept in the usual course of business. Accordingly, I requested that the Government identify the sources of the documents that have been produced. You indicated that the documents produced by the Government were divided into four directories on the CD's provided to us, which corresponded to four sources of documents. It was my understanding that you agreed to identify the four sources of the documents produced. To date, these four sources of documents have not been identified. Please identify all four sources of the documents produced to date, by production number range, and identify the sources of all documents that are produced in the future.

4. Stena's Request No. 7 requests documents and things relating to the X-Craft Hull which were provided to the Contractors responsible for creation of the X-Craft. The Government objected to this request as seeking attorney-client privileged and attorney work product privileged documents. I noted in our conversation that it is hard to imagine any documents that would have been provided to a third party, such as a Contractor, which could be withheld from production based on an assertion of privilege or work product. Accordingly, to the extent that any documents that are

responsive to this request are being withheld on the basis of being privileged or work product, we request that the Government provide a privilege log for these documents. If no such documents are being withheld in connection with this request on the basis of privilege or work product, please confirm this fact and reconsider the objection made.

5. The Government's response to Stena's Request No. 27 references production numbers G1-G1239; G1681-G1841; and G3677-G8568. The production of documents that we have received to date from the Government ends at production number GX649. You confirmed in our telephone conversation that the production numbers referenced in the Government's response to Stena's Request No. 27 are typographical errors and should be disregarded. Please advise if this information is not correct.

I look forward to your response.

With best regards,

Sincerely yours,

DAVID R. YOHANNAN

# Exhibit 2

**U.S. Department of Justice**

Civil Division

KWL
154-06-845

Telephone: (202) 307-0335
Facsimile: (202) 307-0345

*Washington, D.C. 20530*

December 10, 2007

**VIA E-MAIL**

David R. Yohannan, Esq.
KELLEY DRYE & WARREN LLP
3050 K Street, NW, Suite 400
Washington, D.C. 20007

Re: Stena Rederi AB v. United States
Court of Federal Claims No. 06-845C

Dear Mr. Yohannan:

I write in response to your letter dated November 27, 2007.

The first matter cited in your letter relates to Stena's document requests and the government's contractors. Stena contends that the government has an obligation under FAR provision 52.227-2 ("Notice and Assistance Clause") to request and produce documents that are responsive to Stena's document requests from the files of X-Craft contractors or subcontractors. We do not agree with your position.

The Notice and Assistance Clause does not automatically place the documents of contractors in the possession, custody, or control of the government within the meaning of Rule 34(a) of the Court of Federal Claims (RCFC). Rather, the clause is a negotiated contract term for the benefit of the parties to that particular agreement, so that it is the contracting agency that has the discretion whether to invoke the clause. The clause does not exist for the benefit and convenience of parties who choose to litigate against the United States.

Moreover, RCFC 26(b)(2)(C) imposes limitations on the use of discovery methods when, as is the case here, the discovery sought is "obtainable from some other source that is more convenient, less burdensome, or less expensive," that is, directly from the contractors themselves. Documents and other materials provided under the Notice and Assistance Clause are "furnished at the expense of the Government." FAR 52.227-2(c). Although the costs themselves are not the sole source of the government's objection, they illustrate that such assistance is not an unfettered obligation. In the instant case, Plaintiff is equally able to do what it asks the government to do.

Accordingly, the government's position remains that its responsibilities in discovery under the Rules of the Court do not extend to requesting documents from its contractors or subcontractors.

With respect to the second matter regarding the government's responses to Plaintiff's First Request for the Production of Documents and Things served October 29, 2007, the government provides the following clarification, corresponding to the items numbered in your letter:

1. Stena asks for clarification of the phrase "documents containing proprietary or other commercial information provided to Defendant on a pledge of secrecy and confidentiality," as used in the "Comments and General Objections" section of the government's responses. Currently, no documents are being withheld under this provision. However, we are still reviewing documents, and pending completion of that review, the government reserves the right to amend this response.

2. Stena requests the production of certain documents, Bates ranges GX00035-37 and GX00586-621, being withheld temporarily pending notification of the document sources, which are government contractors. Although the government recognizes that a Protective Order is in place, there still exists a need to inform the sources of the documents of the pending litigation and discovery, providing them with the opportunity to respond and object. The government is working diligently to meet its obligations. Presently, the government is in communication with those sources and expects a response in the next several days.

3. On October 29, 2007, the government produced a CD bearing four directories containing electronic documents. The sources of those four directories are as follows:

<u>001Fldr - GX000001 to GX00377</u>
Defense Contract Management Agency
San Diego, CA 92111

<u>002Fldr - GX00378 to GX00488</u>
James Harrison, Ship Design Manager
Office of Naval Research
One Liberty Center
875 North Randolph Street, Suite 1425
Arlington, VA 22203-1995

<u>003Fldr - GX00489 to GX00585</u>
Office of Naval Research
Office of Counsel
One Liberty Center
875 North Randolph Street, Suite 1425
Arlington, VA 22203-1995

<u>004Fldr - GX00586 to GX00649</u>

Capt. Mark Thomas USN, former Project Manager
Naval Surface Warfare Center, Carderock Division
9500 MacArthur Blvd.
West Bethesda, MD 20817

4. Regarding Stena's Request No. 7, which requests documents and things relating to the X-Craft Hull which were provided to the Contractors responsible for creation of the X-Craft, you noted that "it is hard to imagine any documents that would have been provided to a third party, such as a Contractor, which could be withheld from production based on an assertion of privilege or work product." At the outset, the government disagrees with Stena's underlying proposition that there exist no possible circumstances in which privilege or work product exemption would apply to this request. Nevertheless, there are no documents responsive to this request that are currently being withheld for reasons of privilege or work product exemption. However, we are still reviewing documents, and pending completion of that review, the government reserves the right to amend this response. After completion of our review, we will inform you if documents are withheld for these reasons.

5. The government's response to Stena's Request No. 27 refers to Bates ranges G1-G1239; G1681-G1841; and G3677-G8568. The Bates ranges were inadvertent additions and should be disregarded. The government is still reviewing and producing documents, and we are prepared to amend the response when our review is complete.

Finally, in closing, you mentioned in our phone conversation last week that you anticipate the production of materials responsive to the government's Request for Documents and Things in the next few days. I look forward to receiving those materials shortly.

If you have any questions regarding any of these issues, please feel free to reach me at the telephone number listed above.

Very truly yours,

KIRBY W. LEE
Attorney
Commercial Litigation Branch
Civil Division

# Exhibit 3

(3) Increase or decrease the estimated contract cost, the fixed fee, or the time required for contract performance; or

(4) Change any of the terms, conditions or specifications of the contract.

(c) The only individual authorized to in any way amend or modify any of the terms of this contract shall be the Contracting Officer. When, in the opinion of the Contractor, any technical direction calls for effort outside the scope of the contract or inconsistent with this special provision, the Contractor shall notify the Contracting Officer in writing within ten working days after its receipt. The Contractor shall not proceed with the work affected by the technical direction until the Contractor is notified by the Contracting Officer that the technical direction is within the scope of the contract.

(d) Nothing in the foregoing paragraphs may be construed to excuse the Contractor from performing that portion of the work statement which is not affected by the disputed technical direction.

**SECTION I - CONTRACT CLAUSE**

Cost-Plus-Fixed Fee (JUNE 2002) (1)

**(A) FAR 52.252-02 CLAUSES INCORPORATED BY REFERENCE (FEB 1998)**

This contract incorporates one or more clauses by reference, with the same force and effect as if they were given in full text. Upon request, the Contracting Officer will make their full text available. Also, the full text of a clause may be accessed electronically at these addresses:
http://www.arnet.gov/far/
http://web1.deskbook.osd.mil/htmlfiles/DBY_far.asp
http://web2.deskbook.osd.mil/htmlfiles/DBY_dfars.asp
http://farsite.hill.af.mil/farsite_script.html

For instance, a dollar threshold may trigger the applicability of the clause or a certain condition of the research may trigger the applicability of the clause. In order to provide some assistance, as to when a dollar threshold triggers a clause, we have associated certain symbols with dollar thresholds. The symbols and their appropriate dollar thresholds are as follows:

- * Applies when contract action exceeds $10,000
- ** Applies when contract action exceeds $100,000
- + Applies when contract action exceeds $500,000
- ++ Applies when contract action exceeds $500,000 and subcontracting possibilities exist. Small Business Exempt.
- x (DD 250)
- xx Not applicable

**I. FEDERAL ACQUISITION REGULATION (FAR) (48 CFR CHAPTER 1) CLAUSES:**

| | | |
|---|---|---|
| ** | FAR 52.202-1 | Definitions (DEC 2001) |
| ** | FAR 52.203-3 | Gratuities (APR 1984) |
| ** | FAR 52.203-5 | Covenant Against Contingent Fees (APR 1984) |
| ** | FAR 52.203-6 | Restrictions on Subcontractor Sales to the Government (JUL 1995) |
| ** | FAR 52.203-7 | Anti-Kickback Procedures (JUL 1995) |
| ** | FAR 52.203-8 | Cancellation, Rescission, and Recovery of Funds for Illegal or Improper Activity (JAN 1997) |
| ** | FAR 52.203-10 | Price or Fee Adjustment for Illegal or Improper Activity (JAN 1997) |

| | | |
|---|---|---|
| ** | FAR 52.203-12 | Limitation on Payments to Influence Certain Federal Transactions (JUN 1997) |
| ** | FAR 52.204-4 | Printing/Copying Double-Sided on Recycled Paper (AUG 2000) |
| | FAR 52.211-15 | Defense Priority and Allocation Requirements (SEP 1990) |
| ** | FAR 52.215-2 | Audit and Records - Negotiation (JUN 1999) and Alternate II (APR 1998) (Alternate II is only applicable with cost reimbursement contracts with State and local Governments, educational institutions, and other non-profit organizations.) |
| | FAR 52.215-8 | Order of Precedence - Uniform Contract Format (OCT 1997) |
| + | FAR 52.215-10 | Price Reduction for the Defective Cost or Pricing Data (OCT 1997) (The clause is applicable to subcontracts over $550,000.) |
| + | FAR 52.215-12 | Subcontractor Cost or Pricing Data (OCT 1997) (Applicable to subcontracts over $550,000 only) |
| ** | FAR 52.215-14 | Integrity of Unit Prices (OCT 1997) and Alternate I (OCT 1997) (Alternate I is applicable if the action is contracted under Other Than Full and Open Competition) |
| + | FAR 52.215-15 | Pension Adjustments and Asset Reversions (DEC 1998) |
| + | FAR 52.215-18 | Reversion or Adjustment of Plans for Postretirement Benefits (PRB) Other than Pensions (OCT 1997) |
| + | FAR 52.215-19 | Notification of Ownership Changes (OCT 1997) (Applicable when Cost or Pricing Data is required) |
| | FAR 52.216-7 | Allowable Cost and Payment (FEB 2002) |
| | FAR 52.216-8 | Fixed Fee (MAR 1997) |
| ** | FAR 52.219-4 | Notice of Price Evaluation Preference for HUBzone Small Business Concerns (JAN 1999) |
| ** | FAR 52.219-8 | Utilization of Small Business Concerns (OCT 2000) |
| ++ | FAR 52.219-9 | Small Business Subcontracting Plan (JAN 2002) |
| ++ | FAR 52.219-16 | Liquidated Damages - Subcontracting Plan (JAN 1999) |
| | FAR 52.222-1 | Notice to the Government of Labor Disputes (FEB 1997) |
| ** | FAR 52.222-2 | Payment for Overtime Premiums (JUL 1990) (Note: The word "zero" is inserted in the blank space indicated by an asterisk) |
| | FAR 52.222-3 | Convict Labor (AUG 1996) (Reserved when FAR 52.222-20 Walsh Healy Public Contracts Act is applicable) |
| ** | FAR 52.222-4 | Contract Work Hours and Safety Standards Act - Overtime Compensation (SEP 2000) |
| | FAR 52.222-21 | Prohibition of Segregated Facilities (FEB 1999) |
| | FAR 52.222-26 | Equal Opportunity (APR 2002) |
| * | FAR 52.222-35 | Equal Opportunity for Special Disabled Veterans, Veterans of the Vietnam Era, and Other Eligible Veterans (DEC 2001 1998) |
| * | FAR 52.222-36 | Affirmative Action for Workers with Disabilities (JUN 1998) |
| * | FAR 52.222-37 | Employment Reports on Special Disabled Veterans, Veterans of the Vietnam Era, and Other Eligible Veterans (DEC 2001) |
| ** | FAR 52.223-14 | Toxic Chemical Release Reporting (OCT 2000) |
| | FAR 52.225-13 | Restrictions on Certain Foreign Purchases (JUL 2000) |
| ** | FAR 52.227-1 | Authorization and Consent (JUL 1995) and Alternate I (APR 1984) |

| | | |
|---|---|---|
| ** | FAR 52.227-2 | Notice and Assistance Regarding Patent and Copyright Infringement (AUG 1996) |
| | FAR 52.228-7 | Insurance Liability to Third Persons (MAR 1996) **(Further to paragraph (a)(3), unless otherwise stated in this contract, types and limits of insurance required are as stated in FAR 28.307-2)** |
| | FAR 52.232-9 | Limitation on Withholding of Payments (APR 1984) |
| ** | FAR 52.232-17 | Interest (JUN 1996) |
| | FAR 52.232-23 | Assignment of Claims (JAN 1986) and Alternate I (APR 1984) |
| | FAR 52.232-25 | Prompt Payment (FEB 2002) and Alternate I (FEB 2002) (The words "the 30th day" are inserted in lieu of "the 7th day" at (a)(5)(i). [When Alternate I is applicable (a)(5)(i) does do not apply] **[Alternate I applies when awarding a cost reimbursement contract for services]** |
| | FAR 52.232-33 | Payment by Electronic Funds Transfer - Central Contractor Registration (MAY 1999) |
| | FAR 52.233-1 | Disputes (JULY 2002) |
| | FAR 52.233-3 | Protest After Award (AUG 1996) and Alternate I (JUN 1985) |
| | FAR 52.242-1 | Notice of Intent to Disallow Costs (APR 1984) |
| + | FAR 52.242-3 | Penalties for Unallowable Costs (MAY 2001) |
| | FAR 52.242-4 | Certification of Final Indirect Costs (JAN 1997) |
| ** | FAR 52.242-13 | Bankruptcy (JUL 1995) |
| | FAR 52.242-15 | Stop Work Order (AUG 1989) and Alternate I (APR 1984) |
| | FAR 52.244-2 | Subcontracts (AUG 1998) and Alternate I (AUG 1998) **[Insert in cost-reimbursement contracts, and letter, time-and-material, and labor-hour contracts exceeding SAP, and fixed price contracts exceeding SAP where unpriced actions are anticipated. Use Alternate I for cost-rembursement contracts]** |
| ** | FAR 52.244-5 | Competition in Subcontracting (DEC 1996) |
| | FAR 52.244-6 | Subcontracts for Commercial Items and Commercial Components (APR 2002) |
| | FAR 52.245-5 | Government Property (Cost-Reimbursement, Time-and-Materials, or Labor-Hour Contracts) (JAN 1986) and ALT I (JUL 1985) (As modified by DoD Class Deviation 99-00008 dated 13 July 1999) (ALT I is applicable if the contractor is a nonprofit organization whose primary purpose is the conduct of scientific research) |
| ** | FAR 52.247-64 | Preference for Privately Owned U.S. Flag Commercial Vessels (JUN 2000) |
| | FAR 52.249-6 | Termination (Cost-Reimbursement) (SEP 1996) |
| | FAR 52.249-14 | Excusable Delays (APR 1984) |
| | FAR 52.251-1 | Government Supply Sources (APR 1984) |
| | FAR 52.253-1 | Computer Generated Forms (JAN 1991) |

**II. DEPARTMENT OF DEFENSE FAR SUPPLEMENTAL (DFARS) (48 CFR CHAPTER 2) CLAUSES:**

| | | |
|---|---|---|
| ** | DFARS 252.203-7001 | Prohibition On Persons Convicted of Fraud or Other Defense-Contract-Related Felonies (MAR 1999) |
| | DFARS 252.204-7003 | Control of Government Work Product (APR 1992) |
| | DFARS 252.204-7004 | Required Central Contractor Registration (NOV 2001) |

# Exhibit 4

**52.227-1 Authorization and Consent.**

As prescribed in 27.201-2(a)(1), insert the following clause:

AUTHORIZATION AND CONSENT (DEC 2007)

(a) The Government authorizes and consents to all use and manufacture, in performing this contract or any subcontract at any tier, of any invention described in and covered by a United States patent—

(1) Embodied in the structure or composition of any article the delivery of which is accepted by the Government under this contract; or

(2) Used in machinery, tools, or methods whose use necessarily results from compliance by the Contractor or a subcontractor with (i) specifications or written provisions forming a part of this contract or (ii) specific written instructions given by the Contracting Officer directing the manner of performance. the entire liability to the Government for infringement of a United States patent shall be determined solely by the provisions of the indemnity clause, if any, included in this contract or any subcontract hereunder (including any lower-tier subcontract), and the Government assumes liability for all other infringement to the extent of the authorization and consent hereinabove granted.

(b) The Contractor shall include the substance of this clause, including this paragraph (b), in all subcontracts that are expected to exceed the simplified acquisition threshold. However, omission of this clause from any subcontract, including those at or below the simplified acquisition threshold, does not affect this authorization and consent.

(End of clause)

*Alternate I (Apr 1984)*. As prescribed in 27.201-2(a)(2), substitute the following paragraph (a) for paragraph (a) of the basic clause:

(a) The Government authorizes and consents to all use and manufacture of any invention described in and covered by a United States patent in the performance of this contract or any subcontract at any tier.

*Alternate II (Apr 1984)*. As prescribed in 27.201-2(a)(3), substitute the following paragraph (a) for paragraph (a) of the basic clause:

(a) The Government authorizes and consents to all use and manufacture in the performance of any order at any tier or subcontract at any tier placed under this contract for communication services and facilities for which rates, charges, and tariffs are *not* established by a government regulatory body, of any invention described in and covered by a United States patent—

(1) Embodied in the structure or composition of any article the delivery of which is accepted by the Government under this contract; or

(2) Used in machinery, tools, or methods whose use necessarily results from compliance by the Contractor or a subcontractor with specifications or written provisions forming a part of this contract or with specific written instructions given by the Contracting Officer directing the manner of performance.

**52.227-2 Notice and Assistance Regarding Patent and Copyright Infringement.**

As prescribed in 27.201-2(b), insert the following clause:

NOTICE AND ASSISTANCE REGARDING PATENT AND COPYRIGHT INFRINGEMENT (DEC 2007)

(a) The Contractor shall report to the Contracting Officer, promptly and in reasonable written detail, each notice or claim of patent or copyright infringement based on the performance of this contract of which the Contractor has knowledge.

(b) In the event of any claim or suit against the Government on account of any alleged patent or copyright infringement arising out of the performance of this contract or out of the use of any supplies furnished or work or services performed under this contract, the Contractor shall furnish to the Government, when requested by the Contracting Officer, all evidence and information in the Contractor's possession pertaining to such claim or suit. Such evidence and information shall be furnished at the expense of the Government except where the Contractor has agreed to indemnify the Government.

(c) The Contractor shall include the substance of this clause, including this paragraph (c), in all subcontracts that are expected to exceed the simplified acquisition threshold.

(End of clause)

**52.227-3 Patent Indemnity.**

As prescribed in 27.201-2(c)(1), insert the following clause:

PATENT INDEMNITY (APR 1984)

(a) The Contractor shall indemnify the Government and its officers, agents, and employees against liability, including costs, for infringement of any United States patent (except a patent issued upon an application that is now or may hereafter be withheld from issue pursuant to a Secrecy Order under 35 U.S.C. 181) arising out of the manufacture or delivery of supplies, the performance of services, or the construction, alteration, modification, or repair of real property (hereinafter referred to as "construction work") under this contract, or out of the use or disposal by or for the account of the Government of such supplies or construction work.

(b) This indemnity shall not apply unless the Contractor shall have been informed as soon as practicable by the Government of the suit or action alleging such infringement and shall have been given such opportunity as is afforded by applicable laws, rules, or regulations to participate in its defense. Further, this indemnity shall not apply to—

(1) An infringement resulting from compliance with specific written instructions of the Contracting Officer directing a change in the supplies to be delivered or in the materials

# Exhibit 5

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **STENA REDERI AB,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 1:06-cv-00845-MMS** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF STENA REDERI, AB'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT THE UNITED STATES**

Pursuant to Rules 26 and 34 of the United States Court of Federal Claims ("RCFC"), Plaintiff, Stena Rederi, AB requests that Defendant, The United States, within thirty (30) days, produce and make available for inspection and copying all documents and things requested below, at the offices of Kelley Drye & Warren, LLP, 3050 K Street, N.W., Washington, DC 20007, or at another mutually agreed upon location.

**DEFINITIONS AND INSTRUCTIONS**

1. "Document" means and is equal in scope to the usage of this term in RCFC 34(a), which includes, without limitation, electronic or computerized data compilations and record of any Communication. A draft or non-identical copy is a separate document within the meaning of this term.

2. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including without limitation any inquiry, discussion, conversation, agreement, undertaking, meeting, telephone conversation, other form of verbal intercourse, letter,

note, memoranda, report, presentation material, facsimile, e-mail, internet posting, ftp or http transmissions, or other form of information exchange, whether oral or written.

3. "Stena" means Plaintiff, Stena Rederi, AB, its divisions and affiliated companies, officers, agents, employees, attorneys, representatives, servants, predecessors and/or successors in interest and all others acting, or who have acted, on its behalf.

4. "U.S." means Defendant, The United States Government and officers, agents, employees, attorneys, representatives, servants, predecessors and/or successors in interest and all others acting, or who have acted, on its behalf.

5. "X-Craft" and/or "Sea Fighter" means the ship built by the Titan Corporation ("Titan") under Department of the Navy contract numbers N00014-02-C0466 and N00014-03-C0150 both prior to and after the execution of the afore-noted contracts, and both prior to and after designation of the subject ship as being the "X-Craft" and/or "Sea Fighter."

6. "Hull" means the outer body or shell of a ship or vessel which is or will be at least partially immersed in water when the ship or vessel is in operation.

7. "Designer" means any entity, including without limitation, any organization, company, corporation, business, or natural person, that participated in the design of a thing.

8. "Relating to" means references, pertains to, discusses, describes, and/or addresses, in whole or part, a document or thing.

9. "Manufacturer" means any entity, including without limitation, any organization, company, corporation, business, or natural person, that participated in the physical construction of a thing.

10. "Contractor" means any entity, including without limitation, any organization, company, corporation, business, or natural person, that bore responsibility, in whole or part and either directly or indirectly, for the design and/or creation of a thing.

11. The conjunctions "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12. The use of the singular form of any word includes the plural and vice versa.

13. All documents should identify the request they are produced in response to, and should identify the location from which the documents came and the person and/or office from which the documents came.

## REQUESTS FOR PRODUCTION

1. All documents and things relating to the design, shape, or specifications of the X-Craft Hull.

2. All actual and proposed lines plans for the X-Craft Hull and all documents relating to any actual and proposed lines plans for the X-Craft Hull.

3. All documents and things relating to the X-Craft Hull which were provided to the Designers of the X-Craft, either directly or indirectly.

4. All documents and things relating to the X-Craft Hull which were created by or provided by the Designers of the X-Craft.

5. All documents and things relating to the X-Craft Hull which were provided to the Manufacturers of the X-Craft, either directly or indirectly.

6. All documents and things relating to the X-Craft Hull which were created by or provided by the Manufacturers of the X-Craft.

7. All documents and things relating to the X-Craft Hull which were provided to the Contractors responsible for creation of the X-Craft, either directly or indirectly.

8. All documents and things relating to the X-Craft Hull which were created by or provided by the Contractors responsible for creation of the X-Craft.

9. All documents and things relating to the X-Craft Hull which were created by or provided by the U.S. to anyone.

10. All documents and things relating to any alternative design, shape, or specification considered for the X-Craft Hull.

11. All documents relating to Stena.

12. All documents relating to United States Patent No. 5,269,245 or any United States or foreign patent related to United States Patent No. 5,269,245, excluding any documents maintained exclusively by the United States Patent and Trademark Office.

13. All documents relating to the cost of the X-Craft Hull.

14. All documents relating to cost estimates for any X-Craft procurement.

15. All documents relating to costs associated with change orders for the X-Craft.

16. All documents relating to Congressional correspondence and budget requests communicated to or from the Department of Defense concerning the X-Craft.

17. All documents relating to the cost of the X-Craft excluding mission systems and weapons.

18. Documents which are sufficient to establish the cost of the X-Craft mission systems and weapons.

19. All documents relating to the cost of spare or replacement parts for the X-Craft excluding mission systems and weapons.

20. All documents relating to amounts paid to X-Craft Designers for design of the X-Craft.

21. All documents relating to amounts paid to X-Craft Manufacturers for the manufacture of the X-Craft.

22. All documents relating to amounts paid to X-Craft Contractors for the creation of the X-Craft.

23. All documents relating to any profit realized by the X-Craft Designers, Manufacturers, and Contractors for work associated with the X-Craft.

24. All documents and things relating to expected or actual performance advantages or performance capabilities of the X-Craft, including without limitation the X-Craft's speed, range, load bearing, shallow draft, and sea keeping advantages and capabilities.

25. All documents and things relating to testing of the X-Craft or any model of the X-Craft or portion of the X-Craft.

26. All documents created after 1990 relating to compensation, royalty amounts, or royalty rates due from or assessed against the U.S. for use of a patent on any water craft or water craft component, including without limitation all licenses and settlement agreements between the U.S. Navy and other parties for use of patented technology.

27. All documents relating to any plan to acquire additional vessels or ships having a Hull similar to that of the X-Craft.

28. All documents referenced or identified in any answers to interrogatories propounded by Plaintiff to Defendant, or consulted in preparing those answers.

29. All documents relating to patent litigation between Stena and Austal Ships Sales Pty Ltd.

30. All documents relating to Stena's administrative claim for compensation for use of United States Patent No. 5,269,245 filed with the Department of the Navy and assigned Dept. of Navy Docket No. S173, LCTS 8577.

Dated: August 29, 2007

By: ______________________
David R. Yohannan, Esq.
KELLEY DRYE & WARREN LLP
3050 K Street, NW, Suite 400
Washington, DC 20007
202.342.8616
202.342.8451 (fax)

OF COUNSEL:

Joseph T. Casey, Jr., Esq.
LAW OFFICES OF JOSEPH T. CASEY, JR.
4507 North 32nd Road
Arlington, Virginia 22207
703.819.0439
703.536.1980 (fax)

Richard J. McGrath, Esq.
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
703.716.1191
703.716.1180 (fax)

*Attorneys for Plaintiff, Stena Rederi AB*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of August, 2007, I have caused a true and correct copy of PLAINTIFF STENA REDERI, AB'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT THE UNITED STATES to be served by hand delivery on:

Kirby W. Lee
Attorney
Intellectual Property Section
Commercial Litigation Branch, Civil Division
Department of Justice
Washington, DC 20530
(202) 307-0335
(202) 307-0345 (fax)
kirby.lee@usdoj.gov

*Attorney for the United States*

David R. Yohannan

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **STENA REDERI AB,**<br>**Plaintiff,**<br>**v.**<br>**THE UNITED STATES,**<br>**Defendant.** | **No. 1:06-cv-00845-MMS** |

**PLAINTIFF STENA REDERI, AB'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT THE UNITED STATES**

Pursuant to Rules 26 and 34 of the United States Court of Federal Claims ("RCFC"), Plaintiff, Stena Rederi, AB requests that Defendant, The United States, within thirty (30) days, produce and make available for inspection and copying all documents and things requested below, at the offices of Kelley Drye & Warren, LLP, 3050 K Street, N.W., Washington, DC 20007, or at another mutually agreed upon location.

**DEFINITIONS AND INSTRUCTIONS**

1. "Document" means and is equal in scope to the usage of this term in RCFC 34(a), which includes, without limitation, electronic or computerized data compilations and record of any Communication. A draft or non-identical copy is a separate document within the meaning of this term.

2. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including without limitation any inquiry, discussion, conversation, agreement, undertaking, meeting, telephone conversation, other form of verbal intercourse, letter,

note, memoranda, report, presentation material, facsimile, e-mail, internet posting, ftp or http transmissions, or other form of information exchange, whether oral or written.

3. "Stena" means Plaintiff, Stena Rederi, AB, its divisions and affiliated companies, officers, agents, employees, attorneys, representatives, servants, predecessors and/or successors in interest and all others acting, or who have acted, on its behalf.

4. "U.S." means Defendant, The United States Government and officers, agents, employees, attorneys, representatives, servants, predecessors and/or successors in interest and all others acting, or who have acted, on its behalf.

5. "X-Craft" and/or "Sea Fighter" means the ship built by the Titan Corporation ("Titan") under Department of the Navy contract numbers N00014-02-C0466 and N00014-03-C0150 both prior to and after the execution of the afore-noted contracts, and both prior to and after designation of the subject ship as being the "X-Craft" and/or "Sea Fighter."

6. "Hull" means the outer body or shell of a ship or vessel which is or will be at least partially immersed in water when the ship or vessel is in operation.

7. "Designer" means any entity, including without limitation, any organization, company, corporation, business, or natural person, that participated in the design of a thing.

8. "Relating to" means references, pertains to, discusses, describes, and/or addresses, in whole or part, a document or thing.

9. "Manufacturer" means any entity, including without limitation, any organization, company, corporation, business, or natural person, that participated in the physical construction of a thing.

10. "Contractor" means any entity, including without limitation, any organization, company, corporation, business, or natural person, that bore responsibility, in whole or part and either directly or indirectly, for the design and/or creation of a thing.

11. "Prior art" for purposes of these interrogatories, means all patents, publications, disclosures, sales, and/or other acts or occurrences included within the broadest meaning of 35 U.S.C. § 102 (or any subpart thereof) and 35 U.S.C. § 103, and without limitation, all patents, publications, disclosures, sales, or other acts that any third party has identified as relevant to the patentability and/or validity of a patent or patent application.

12. "The '245 patent" means United States Patent Number 5,269,245 and all related foreign patent and patent application counter-parts to the '245 patent.

13. The conjunctions "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

14. The use of the singular form of any word includes the plural and vice versa.

15. All documents should identify the request they are produced in response to, and should identify the location from which the documents came and the person and/or office from which the documents came.

## REQUESTS FOR PRODUCTION

31. All contracts, draft contracts, and meeting minutes relating to the procurement of the X-Craft.

32. All documents reviewed or obtained by the Government in connection with the procurement of the X-Craft relating to the sea keeping performance of a watercraft and/or vertical acceleration due to waves of a watercraft with crew and passenger seasickness.

33. All documents that the Government plans to introduce into evidence in this case.

34. All documents relating to patent infringement by any part of the X-Craft.

35. All documents that are relevant to the validity of the '245 patent, including without limitation, all Prior art that is relevant to the validity of the '245 patent..

Dated: September 13, 2007

By: [signature]

David R. Yohannan, Esq.
KELLEY DRYE & WARREN LLP
3050 K Street, NW, Suite 400
Washington, DC 20007
202.342.8616
202.342.8451 (fax)

OF COUNSEL:

Joseph T. Casey, Jr., Esq.
LAW OFFICES OF JOSEPH T. CASEY, JR.
4507 North 32nd Road
Arlington, Virginia 22207
703.819.0439
703.536.1980 (fax)

Richard J. McGrath, Esq.
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
703.716.1191
703.716.1180 (fax)

*Attorneys for Plaintiff, Stena Rederi AB*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of September, 2007, I have caused a true and correct copy of PLAINTIFF STENA REDERI, AB'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT THE UNITED STATES to be served by hand delivery on:

Kirby W. Lee
Attorney
Intellectual Property Section
Commercial Litigation Branch, Civil Division
Department of Justice
Washington, DC 20530
(202) 307-0335
(202) 307-0345 (fax)
kirby.lee@usdoj.gov

*Attorney for the United States*

David R. Yohannan

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **STENA REDERI AB,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 1:06-cv-00845-MMS** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF STENA REDERI, AB'S THIRD REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT THE UNITED STATES**

Pursuant to Rules 26 and 34 of the United States Court of Federal Claims ("RCFC"), Plaintiff, Stena Rederi, AB requests that Defendant, The United States, within thirty (30) days, produce and make available for inspection and copying all documents and things requested below, at the offices of Kelley Drye & Warren, LLP, 3050 K Street, N.W., Washington, DC 20007, or at another mutually agreed upon location.

**DEFINITIONS AND INSTRUCTIONS**

1. "Document" means and is equal in scope to the usage of this term in RCFC 34(a), which includes, without limitation, electronic or computerized data compilations and record of any Communication. A draft or non-identical copy is a separate document within the meaning of this term.

2. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including without limitation any inquiry, discussion, conversation, agreement, undertaking, meeting, telephone conversation, other form of verbal intercourse, letter,

note, memoranda, report, presentation material, facsimile, e-mail, internet posting, ftp or http transmissions, or other form of information exchange, whether oral or written.

3. "Stena" means Plaintiff, Stena Rederi, AB, its divisions and affiliated companies, officers, agents, employees, attorneys, representatives, servants, predecessors and/or successors in interest and all others acting, or who have acted, on its behalf.

4. "U.S." means Defendant, The United States Government and officers, agents, employees, attorneys, representatives, servants, predecessors and/or successors in interest and all others acting, or who have acted, on its behalf.

5. "X-Craft" and/or "Sea Fighter" means the ship built by the Titan Corporation ("Titan") under Department of the Navy contract numbers N00014-02-C0466 and N00014-03-C0150 both prior to and after the execution of the afore-noted contracts, and both prior to and after designation of the subject ship as being the "X-Craft" and/or "Sea Fighter."

6. "Hull" means the outer body or shell of a ship or vessel which is or will be at least partially immersed in water when the ship or vessel is in operation.

7. "Designer" means any entity, including without limitation, any organization, company, corporation, business, or natural person, that participated in the design of a thing.

8. "Relating to" means references, pertains to, discusses, describes, and/or addresses, in whole or part, a document or thing.

9. "Manufacturer" means any entity, including without limitation, any organization, company, corporation, business, or natural person, that participated in the physical construction of a thing.

10. "Contractor" means any entity, including without limitation, any organization, company, corporation, business, or natural person, that bore responsibility, in whole or part and either directly or indirectly, for the design and/or creation of a thing.

11. "Prior art" for purposes of these interrogatories, means all patents, publications, disclosures, sales, and/or other acts or occurrences included within the broadest meaning of 35 U.S.C. § 102 (or any subpart thereof) and 35 U.S.C. § 103, and without limitation, all patents, publications, disclosures, sales, or other acts that any third party has identified as relevant to the patentability and/or validity of a patent or patent application.

12. "The '245 patent" means United States Patent Number 5,269,245 and all related foreign patent and patent application counter-parts to the '245 patent..

13. The conjunctions "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

14. The use of the singular form of any word includes the plural and vice versa.

15. All documents should identify the request they are produced in response to, and should identify the location from which the documents came and the person and/or office from which the documents came.

**REQUESTS FOR PRODUCTION**

36. All documents relating to any design or acquisition of any Littoral Combat Ship ("LCS") having a Hull similar to that of the X-Craft, wherein a "similar" Hull includes, but is not limited to, a Hull that includes a bulbous underwater portion in the forward part of the Hull and a generally U-shaped portion in the aft part of the Hull.

37. All documents relating to any design or acquisition by the United States Coast Guard having a Hull similar to that of the X-Craft, wherein a "similar" Hull includes, but is not limited to, a Hull that includes a bulbous underwater portion in the forward part of the Hull and a generally U-shaped portion in the aft part of the Hull.

38. All documents relating to any design or acquisition of any vessel that has a hull that is the same as or similar to that of the vessels identified in paragraphs 7, 7.1 and 7.2 of the attached Exhibit A.

Dated: November 5, 2007

By: ______________________

David R. Yohannan, Esq.
KELLEY DRYE & WARREN LLP
3050 K Street, NW, Suite 400
Washington, DC 20007
202.342.8616
202.342.8451 (fax)

OF COUNSEL:

Joseph T. Casey, Jr., Esq.
LAW OFFICES OF JOSEPH T. CASEY, JR.
4507 North 32nd Road
Arlington, Virginia 22207
703.819.0439
703.536.1980 (fax)

Richard J. McGrath, Esq.
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
703.716.1191
703.716.1180 (fax)

*Attorneys for Plaintiff, Stena Rederi AB*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of November, 2007, I have caused a true and correct copy of PLAINTIFF STENA REDERI, AB'S THIRD REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT THE UNITED STATES to be served by hand delivery on:

Kirby W. Lee
Attorney
Intellectual Property Section
Commercial Litigation Branch, Civil Division
Department of Justice
Washington, DC 20530
(202) 307-0335
(202) 307-0345 (fax)
kirby.lee@usdoj.gov

*Attorney for the United States*

David R. Yohannan