**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| STENA REDERI AB, | * | |
| Plaintiff, | * | |
| v. | * | No. 06-845C (Judge Sweeney) |
| THE UNITED STATES, | * | |
| Defendant. | * | |

**L-3 COMMUNICATIONS TITAN CORPORATION'S MEMORANDUM**
**IN SUPPORT OF ITS UNOPPOSED MOTION FOR INTERVENTION**

L-3 Communications Titan Corporation ("L-3") respectfully submits this Memorandum in Support of its Unopposed Motion for Intervention pursuant to RCFC 24(a) for the limited purpose of protecting L-3 proprietary information that is subject to discovery by the parties.

**Statement of Facts**

Defendant the United States has informed L-3 that documents marked with L-3 proprietary legends are subject to production by the United States to Plaintiff Stena in discovery in this matter. Defendant informed L-3 of the Stipulation and Protective Order (the "Protective Order") entered by the Court on September 4, 2007 (Docket No. 21) and of its intention to produce the proprietary information subject to the Protective Order, but agreed to refrain from doing so until L-3 had the opportunity to file this motion and to seek changes to the Protective Order to protect the L-3 proprietary information adequately.

The Protective Order limits the disclosure of information designated as "Restricted Information" or "Protected Information." (Docket # 21 ¶¶ 2, 3, 5.) The Protective Order also identifies the classes of persons to whom Restricted Information and/or Protected Information may be disclosed, including, with respect to both designations, "the parties to the litigation." (*Id.* ¶ 9(b).) L-3 regards Plaintiff Stena as a competitor, and disclosure of L-3 proprietary information to employees of Stena could cause serious competitive harm to L-3.

L-3 has negotiated with Plaintiff and Defendant and has agreement with them on proposed changes to the Protective Order that L-3 believes would protect its proprietary information adequately. The changes create a category of information to which outside counsel and retained experts would have access for this litigation, but to which Stena employees would not have access. L-3 is prepared to file an unopposed motion for modification of the Protective Order upon the Court's entry of an order permitting its intervention.

**<u>Argument</u>**

Rule 24(a)(2) of the Rules of the Court of Federal Claims permits intervention of right when the potential intervenor files a timely motion to intervene and the following three requirements are met: (1) "the applicant claims an interest relating to the property or transaction which is the subject of the action"; (2) "the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest"; and (3) the applicant's interest is not "adequately represented by existing parties." RCFC 24(a)(2).

The requirements of Rule 24(a)(2) are construed liberally, so that any doubts are resolved in favor of the potential intervenor. *See*, *e.g.*, *Northrop Grumman Info. Tech., Inc. v. United States*, 74 Fed. Cl. 407, 412 (2006), citing *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (construing Rule 24(a) "liberally in favor of potential intervenors") and *Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 164 F.3d 1080, 1081 (8th Cir. 1999) ("Rule 24 is to be construed liberally, and doubts resolved in favor of the proposed intervenor."). Intervention of right should be granted when the applicant "claims an interest" that "may as a practical matter" be impaired or impeded by the disposition of the action. *Id.* at 413.

The right of a third party to intervene to protect its proprietary information is well established. Courts have permitted third parties to intervene to prevent disclosure of their trade secrets and confidential information in discovery, including through modification of the protective order. *See*, *e.g.*, *Northrop Grumman*, 74 Fed. Cl. 407 (granting third party's motion to intervene for the limited purpose of protecting its trade secrets and other proprietary information); *Armour of America v. United States*, 70 Fed. Cl. 240 (2006) (permitting third party to intervene for purposes of modifying the protective order to prevent disclosure of its trade secrets to the plaintiff, its direct competitor); *Formulabs, Inc. v. Hartley Pen Co.*, 275 F.2d 52 (9th Cir. 1960) (holding that the district court erred in denying a third party's motion to intervene to protect its trade secrets).

L-3 meets each of the requirements for intervention. First, L-3 has a property interest in protecting its proprietary information, including its trade secrets, sensitive commercial and financial information and personnel records. *See*, *e.g.*, *Northrop Grumman*, 74 Fed. Cl. at 414 (finding that "trade secrets and proprietary information are

the very type of interest the protection of which justifies intervention under Rule 24(a)"). Second, L-3's ability to protect its proprietary information may as a practical matter be impaired or impeded if discovery is allowed to continue without its intervention. The Protective Order permits the disclosure of L-3's proprietary information to employees of Stena, which could cause serious competitive harm to L-3. *See, e.g., id.* at 415-17 (finding that the "impairment" requirement was satisfied because disclosure of the proposed intervenor's trade secrets to the plaintiff, its competitor, was not impossible under the existing protective order). Third, neither Stena nor the Government can adequately represent L-3's interest in protecting its proprietary information. *See, e.g., id.* at 417-20 (holding that the Government and the plaintiff could not adequately represent the potential intervenor's interest). Thus, L-3 satisfies all of the requirements for intervention under Rule 24(a)(2).

**Conclusion**

For the reasons set forth above, L-3 respectfully requests the Court enter an order permitting its intervention in this action, for the limited purpose of protecting L-3 proprietary information that is subject to discovery by the parties.

Dated: December 20, 2007

Respectfully submitted,

/s/ David A. Churchill

DAVID A. CHURCHILL
JENNER & BLOCK LLP
601 Thirteenth Street, NW
Suite 1200 South
Washington, DC 20005-3823
Tel: (202) 639-6056
Fax: (202) 637-6370
dchurchill@jenner.com

*Counsel for L-3 Communications Titan Corporation*

Of Counsel:

Monte DeBel, Esq.
L-3 Communications Titan Corporation
Advanced Systems Division
9925 Carroll Canyon Road
San Diego, CA 92131-1105
(858) 444-9256

William R. Stoughton, Esq.
Jenner & Block LLP
1717 Main Street
Suite 3150
Dallas, TX 75201-4647
(214) 746-5748

Thomas H. Kim, Esq.
Jenner & Block LLP
601 13th Street, NW
Suite 1200 South
Washington, DC 20005
(202) 639-6067