**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| STENA REDERI AB, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | No. 06-845C<br>(Judge Sweeney) |
| | * | |
| THE UNITED STATES, | * | |
| | * | |
| Defendant. | * | |

**L-3 COMMUNICATIONS TITAN CORPORATION'S UNOPPOSED MOTION FOR MODIFICATION OF THE PROTECTIVE ORDER**

Pursuant to Rules 7(b) and 26(c) of the Rules of the United States Court of Federal Claims, intervenor L-3 Communications Titan Corporation ("L-3") respectfully moves for modification of the Protective Order entered by the Court (Docket No. 21). L-3 has been authorized to state that Plaintiff Stena Rederi AB ("Stena") and Defendant the United States do not oppose this motion. L-3 files herewith a proposed modified Stipulation and Protective Order.

**Statement of Facts**

On December 21, 2007, the Court entered an Order granting L-3's Unopposed Motion for Intervention pursuant to RCFC 24(a), stating, "L-3 may intervene for the limited purpose of protecting its proprietary information that is subject to discovery by the parties." (Docket No. 27.) Accordingly, L-3 requests modification of the Stipulation and Protective Order (the "Protective Order") entered by the Court on September 4, 2007 (Docket No. 21).

As stated in L-3's Memorandum in Support of its Unopposed Motion to Intervene, the United States has informed L-3 that documents containing L-3 proprietary information are subject to production by the United States to Stena in discovery in this matter. The Protective Order limits the disclosure of information designated as "Restricted Information" or "Protected Information," but, with respect to both designations, permits disclosure to "the parties to the litigation." (*Id.* ¶¶ 2, 3, 5, 9(b)(i).) Thus, the Protective Order permits L-3 proprietary information to be disclosed to employees of Stena, a company L-3 regards as a competitor.

L-3 has negotiated with Stena and the United States and has agreed with them on changes to the Protective Order that L-3 believes would protect its proprietary information adequately. L-3 attaches to this motion both "clean" and "blacklined" versions of a proposed modified Protective Order, which reflect these proposed changes. (Exs. 1 and 2.) The principal proposed change is the creation of a category of information to which outside counsel and retained experts would have access for this litigation, but to which Stena employees would not have access. (Exs. 1 and 2 ¶¶ 3(b), 9(d).) The proposed modified Protective Order also reflects several other clarifying changes to which Stena, the United States and L-3 have agreed. (Exs. 1 and 2.) The proposed change to paragraph 7 of the Order is substantive; L-3 understands the change is consistent with the original agreement between Plaintiff and Defendant.

## Argument

A court has broad discretion to modify a Protective Order it has entered. *See* 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2044.1 (2d ed. 2007) ("[A]s a sheer matter of power the court has authority to alter the terms of a protective order it has entered, and . . . ordinarily requests to modify are directed to the district court's discretion."). L-3 submits that good cause exists for modifying the Protective Order because the disclosure of L-3 proprietary information to employees of Stena, a company which L-3 regards as a competitor, could cause serious competitive injury to L-3.

To protect L-3 from such harm, L-3 requests that the Court modify the Protective Order to provide for a new "Attorney/Expert Only Information" designation for L-3 proprietary information, such as trade secrets, sensitive commercial and financial information, and personnel records. (Exs. 1 and 2 ¶ 3(b).) L-3 believes the creation of this new category of information would adequately protect L-3 from competitive injury. *See*, *e.g.*, *C.A. Muir Corp. v. Big River Fish Co.*, 1998 WL 488007 (E.D. Pa. 1998) (granting motion to modify protective order to limit disclosure of party's proprietary information to attorneys and experts "to prevent competitive injury . . . that could result through dissemination of proprietary information to business competitors").

## Conclusion

For the foregoing reasons, L-3 requests that the Court grant L-3's Unopposed Motion for Modification of the Protective Order and enter an Order adopting L-3's proposed modified Protective Order.

Dated: December 26, 2007

Respectfully submitted,

/s/ David A. Churchill

DAVID A. CHURCHILL
JENNER & BLOCK LLP
601 Thirteenth Street, NW
Suite 1200 South
Washington, DC 20005-3823
Tel: (202) 639-6056
Fax: (202) 637-6370
dchurchill@jenner.com

*Counsel for L-3 Communications Titan Corporation*

Of Counsel:

Monte DeBel, Esq.
L-3 Communications Titan Corporation
Advanced Systems Division
9925 Carroll Canyon Road
San Diego, CA 92131-1105
(858) 444-9256

William R. Stoughton, Esq.
Jenner & Block LLP
1717 Main Street, Suite 3150
Dallas, TX 75201-4647
(214) 746-5748

Thomas H. Kim, Esq.
Jenner & Block LLP
601 13th Street, NW, Suite 1200 South
Washington, DC 20005
(202) 639-6067