# In the United States Court of Federal Claims

No. 06-845 C
(Filed: January 10, 2008)

```
************************************
STENA REDERI AB,                   *
                                   *
            Plaintiff,             *
                                   *
v.                                 *
                                   *
THE UNITED STATES,                 *
                                   *
            Defendant,             *
                                   *
and                                *
                                   *
L-3 COMMUNICATIONS TITAN           *
CORPORATION,                       *
                                   *
            Defendant-Intervenor.  *
                                   *
************************************
```

## ORDER

On August 27, 2007, plaintiff and defendant filed their Joint Motion for Entry of Stipulated Protective Order. On December 20, 2007, L-3 Communications Titan Corporation ("L-3") filed a motion to intervene, which this court granted on December 21, 2007. In its December 21 order, the court permitted L-3's intervention "for the limited purpose of protecting its proprietary information that is subject to discovery by the parties." L-3 subsequently filed its unopposed motion for modification of the protective order on December 26, 2007. The court grants L-3's unopposed motion and adopts the parties' proposed modified Stipulation and Protective Order as follows:

## STIPULATION AND PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff, Stena Rederi AB ("Stena"), defendant, the United States ("the government") (collectively, "the parties"), and intervenor, L-3 Communications Titan Corporation ("L-3" and for purposes of this protective order only, a "party") have agreed and stipulated to the entry of this Protective Order to limit the disclosure of Protected Information, Restricted Information and Attorney/Expert Only Information as defined below.

This Protective Order does not specify the procedures under which access to classified information is to be provided and shall not be construed as requiring the production of any information that is classified. Access to such classified information shall be governed by existing laws and regulations pertaining to national security.

In this action, at least one of the parties has sought and/or is seeking Protected Information, Restricted Information, or Attorney/Expert Only Information, as defined below. The parties anticipate seeking additional Protected Information, Restricted Information, or Attorney/Expert Only Information during discovery from each other and potentially from entities that are not presently named in this action (hereinafter "third parties"). The parties further expect that there will be questioning concerning such Protected Information, Restricted Information, or Attorney/Expert Only Information in the course of depositions. The parties agree that the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the parties' business or privacy interests. The parties have entered into this Stipulation and request that the Court enter this Protective Order for the purpose of limiting the disclosure and use of Protected Information, Restricted Information, or Attorney/Expert Only Information except as set forth herein.

The following provisions shall govern the conduct of further proceedings in this action:

1. The parties agree that any Protected Information, Restricted Information, or Attorney/Expert Only Information produced in this litigation and belonging to or possessed by third parties will be treated by all parties in the same manner as Protected Information, Restricted Information, or Attorney/Expert Only Information belonging to and disclosed by the parties, as long as any such third-party information is marked as required by Paragraph 5 below.

**Definition of Terms**

2. The term "Restricted Information" shall mean information, in whatever form, that is unclassified technical data with military or space application in possession of, or under the control of, a Department of Defense ("DoD") Component, and so designated, and which may not be disclosed pursuant to 10 U.S.C. § 130 and/or DoD Directive No. 5230.25, dated November 6, 1984, entitled "Withholding of Unclassified Technical Data From Public Disclosure." The term "Restricted Information" includes, but is not limited to, information as described above relating to equipment catalogued in the Military Critical Technologies List, or information categorized as "FOR OFFICIAL USE ONLY (FOUO)," or information that may not be exported lawfully without approval, authorization, or license. See 22 U.S.C. §§2751-2799; 50 U.S.C. App. §§ 2401-2420.

3. a. "Protected Information" means any information, things, or materials including documents, files, portions of files, transcribed or live testimony, responses to discovery requests, and any extracts, abstracts, charts, summaries, notes, or copies made therefrom -

not made available to the public - and designated by one of the parties in the manner provided in Paragraph 5 below as containing Protected Information including but not limited to trade secrets, sensitive commercial and financial information, and personnel records. "Protected Information" also includes financial or technical data or commercially-sensitive competitive information, the disclosure of which is likely to cause harm to the competitive position of the producing party including, without limitation, sensitive information relating to future products not yet commercially released, strategic plans, and settlement agreements or settlement communications. Furthermore, "Protected Information" includes software when marked as required in Paragraph 5 below.

b. "Attorney/Expert Only Information" is a subset of Protected Information consisting of information proprietary to intervenor L-3, Titan Corporation (which was acquired by L-3), International Systems, LLC (which was acquired by Titan Corporation), or the subsidiaries, affiliates or subcontractors of any of them. Attorney/Expert Only Information includes but is not limited to trade secrets, sensitive commercial and financial information, and personnel records of L-3, Titan Corporation, International Systems, LLC, and the subsidiaries, affiliates and subcontractors of each of them. Attorney/Expert Only Information may also be Restricted Information, and may be subject to export controls independent of this Order.

4. Subject to the challenge provisions in Paragraph 19, this Order shall not apply to any information set forth in Paragraph 3 above that:

a. is already lawfully in a party's possession;

b. is or becomes generally available to the public (other than as a result of a disclosure in violation of this Order); or,

c. becomes available to a party other than through discovery in this case.

The applicability of any of the exceptions set forth above in relation to this Order shall not negate any other restrictions or obligations which may apply to such information independently of this Order.

**Identification and Marking**

5. Where Protected Information, Restricted Information, or Attorney/Expert Only Information is produced, provided, or otherwise disclosed by a Party, or by a third party as provided in Paragraph 1, in response to any discovery request or for any other reason in this case, it may be so designated in the following manner:

a. By imprinting the phrase "Protected Information," "Restricted Information," or "Attorney/Expert Only Information" on the first page or cover of any document produced;

b. By imprinting the phrase "Protected Information," "Restricted Information," or "Attorney/Expert Only Information" next to or above any response to a discovery request;

c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Protected Information," "Restricted Information," or "Attorney/Expert Only Information" no later than ten (10) calendar days after receipt of the transcribed testimony;

d. With respect to information that has not been reduced to documentary, tangible, or physical form or that cannot be conveniently designated as set forth in subparagraphs a-c, by informing opposing counsel of the designation in writing; and,

e. If previously marked, a party may rely on designations such as "For Official Use Only," "FOUO," "Proprietary," "Limited Rights," "Restricted Rights," or words of like import, including export control markings to indicate Protected Information and need not add additional markings to those already appearing on the document or thing.

6. The parties recognize that managing the disclosure of and limiting access to computer source code is a particularly significant concern. At present, the parties do not anticipate that disclosure of computer source code will be necessary in this case. In the event that one or more parties requests disclosure of source code sufficiently in advance of the court's fact discovery cut-off in this case and makes a showing of good cause, the parties agree to work together to determine a process that is acceptable to all parties and that adequately protects from disclosure the computer source code to be produced.

7. When a party or a third party provides another party access to documents or things for purposes of inspecting the documents or things prior to their production, marking need be made in advance of the inspection. For the purposes of the inspection, all documents shall be treated as containing Protected Information. After the inspecting party has selected specified documents for production, the producing party or third party shall appropriately mark the selected documents or the selected things before they are copied, further inspected, or otherwise produced.

8. Failure to designate information as Protected Information, Restricted Information, or Attorney/Expert Only Information shall not constitute acknowledgment that the information is not, in fact, entitled to such protection. Additionally, failure to object to the designation of certain information as Protected Information, Restricted Information, or Attorney/Expert Only Information shall not constitute an acknowledgment that such material constitutes a trade secret.

**Handling and Use of Protected Information**

9. Subject to Paragraph 4 above, all Protected Information, Restricted Information, or Attorney/Expert Only Information provided by a party or a third party shall be subject to the following restrictions:

a. It shall be used only for the purpose of this litigation (including any appeals) and not for any business, commercial or other purpose whatsoever, and shall not be given, shown, made available, disclosed or communicated, directly or indirectly, in any way to anyone except those individuals specified in subparagraph b below to whom it is necessary that such Protected Information, Restricted Information, or Attorney/Expert Only Information be disclosed.

b. Protected Information and/or Restricted Information that is not Attorney/Expert Only Information may be disclosed, for the exclusive purpose set forth in subparagraph a above, only to:

i. the parties to the litigation, provided they first execute the statement attached hereto as Exhibit A and a copy of the signed statement is provided to the other party;

ii. the parties' outside counsel (including attorneys of the Department of Justice as "outside counsel" for the United States) that are directly working on the lawsuit and clerical, paralegal and other staff employed by such counsel who are assisting in the litigation, including independent legal translators retained to translate in connection with this action, independent graphics or design services retained by counsel for purposes of preparing exhibits for depositions, trials, or other proceedings in this action, independent document reproduction and imaging services retained by counsel, and nontechnical jury or trial consulting services, including mock jurors, retained by counsel;

iii. counsel for each department or agency of the government involved with this lawsuit, their legal assistants, and their support staff members;

iv. witnesses at any hearing or deposition in the litigation, provided they first execute the statement attached hereto as Exhibit A and a copy of the signed statement is provided to the other party, and provided the disclosure is limited to documents they saw or reasonably may have seen in the course of their employment by a party or other related entity;

v. outside expert witnesses and all outside technical or economic consultants who provide assistance to or on behalf of any party to the litigation, provided they first execute the statement attached hereto as Exhibit A and a copy of the signed statement is provided to the other party;

vi. stenographic reporters, official court reporters, and their assistants who are engaged in such proceedings for this action and litigation support services personnel who are providing services at the request or direction of outside counsel for either party;

vii. the court, its clerk, the United States Judiciary, and their legal assistants and support staff members; and

viii. any other person as agreed to in writing by all parties in advance of any disclosure, or any other person allowed by the court.

c. In addition, each person who discloses or receives Restricted Information or export-controlled information must abide by all applicable export control statutes and regulations, which normally require that any such recipient be a United States National. A "United States National" is (i) a United States citizen or (ii) a person who is lawfully admitted into the United States for permanent residence and is located in the United States. See 32 C.F.R. § 250.3(a)(1).

d. Attorney/Expert Only Information shall not be disclosed to the Parties to the litigation (i.e., to persons meeting the qualifications of subparagraph 9.b(i)). Attorney/Expert Only Information may be disclosed, for the exclusive purpose set forth in subparagraph a above, only to persons meeting the qualifications of one of subparagraphs 9.b(ii) through (viii).

10. Individuals authorized to review Protected Information, Restricted Information, or Attorney/Expert Only Information pursuant to this Protective Order shall hold Protected Information, Restricted Information, or Attorney/Expert Only Information in confidence and shall not divulge the information, either verbally or in writing, to any other person or entity unless required to do so by court order. All Protected Information, Restricted Information, or Attorney/Expert Only Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information under the restrictions of this Order.

11. In connection with independent experts, consultants and non-party witnesses, each party shall disclose to the other party the identity, current employer, and residence of each independent expert, consultant and non-party witness who is to be given access to Protected Information, Restricted Information, or Attorney/Expert Only Information. Moreover, for each independent expert or consultant, each party shall also provide the other party a *curriculum vitae* or other comparable information sufficient to identify (i) the expert's or consultant's current employer and employment history for the past five (5) years, including consulting relationships, and (ii) any other litigation matters in which the expert or consultant has testified in the past five (5) years. The identity, residence, current employer (and *curriculum vitae* or comparable information for independent experts and consultants) which are required to be provided in accordance with this paragraph must be provided at least ten (10) business days prior to the first disclosure of any Protected Information, Restricted Information, or Attorney/Expert Only Information to such expert, consultant, or non-party witness. If a party objects to the selected expert, consultant, or non-party witness, it shall make its objections known in writing within ten (10) business days of notification. If agreement on the independent expert, consultant, or non-party witness cannot be reached, the objecting party shall have ten (10) business days after

making its objections known to seek a protective order from the court. In such case, no disclosure shall be made to the expert, consultant, or non-party witness until the court has ruled on the motion for a protective order. If the objecting party fails to seek a protective order within that time, the objection shall be deemed waived and such Protected Information, Restricted Information, or Attorney/Expert Only Information may be disclosed to the independent expert, consultant, or non-party witness subject to this Protective Order. The rights and obligations of intervenor L-3 under this paragraph, and the rights and obligations of the parties with respect to intervenor L-3 under this paragraph, are imposed only with respect to Attorney/Expert Only Information.

12. To the extent that an independent expert or consultant disclosed pursuant to Paragraph 11 above is not a testifying expert, the following provisions are applicable:

a. The disclosing party does not waive any attorney-client or work-product privilege by disclosing the names and qualifications of such experts and consultants to whom counsel intends to show Protected Information, Restricted Information, or Attorney/Expert Only Information as required by Paragraph 11 above or by objecting to such experts and consultants as provided in that same Paragraph.

b. Non-testifying experts and consultants disclosed pursuant to Paragraph 11 above will not be subject to depositions or subpoenaed as witnesses at trial based solely upon the fact that they were the subject of such disclosures.

13. Parties, as represented by counsel, shall obtain and retain the original statement signed by qualified recipients of Protected Information, Restricted Information, or Attorney/Expert Only Information, and shall maintain a list of all persons to whom any Protected Information, Restricted Information, or Attorney/Expert Only Information is disclosed.

14. No copies of Protected Information, Restricted Information, or Attorney/Expert Only Information shall be made except by or on behalf of counsel in this litigation, and such copies shall be made and used solely for purposes of this litigation. In particular, Protected Information, Restricted Information, or Attorney/Expert Only Information may not be used in connection with prosecution of any patent application or in the context of counseling or determining strategy relating to any patent prosecution efforts.

15. In the event that Protected Information, Restricted Information, or Attorney/Expert Only Information is used in any court filing or proceeding in this action, including but not limited to its use trial, it shall not lose its status as between the parties through such use. Protected Information, Restricted Information, or Attorney/Expert Only Information and pleadings or briefs quoting or discussing Protected Information, Restricted Information, or Attorney/Expert Only Information shall be filed in a sealed parcel with the legend **"PROTECTED INFORMATION ENCLOSED" or "CONTAINS PROTECTED INFORMATION" or "RESTRICTED INFORMATION ENCLOSED" or "CONTAINS RESTRICTED INFORMATION" or**

**"ATTORNEY/EXPERT ONLY INFORMATION ENCLOSED" or "CONTAINS ATTORNEY/EXPERT ONLY INFORMATION" or "SUBJECT TO PROTECTIVE ORDER"** conspicuously placed on the outside of the parcel containing the information. If Protected Information, Restricted Information, or Attorney/Expert Only Information is to be included in an electronically filed document, the party seeking to file such Information shall seek leave to file it electronically under seal.

16. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Protected Information, Restricted Information, or Attorney/Expert Only Information pursuant to this Protective Order.

17. Upon termination of this litigation, including any appeals or expiration of the applicable period for filing an appeal, counsel for each private party shall (i) destroy all Protected Information, Restricted Information, or Attorney/Expert Only Information and certify in writing to all parties that such destruction has occurred, or (ii) return the Protected Information, Restricted Information, or Attorney/Expert Only Information to the producing party, subject to the retention of one (1) archival copy of Protected Information, Restricted Information, or Attorney/Expert Only Information documents by the Department of Justice in order to satisfy its obligations under the National Archives and Records Administration Freedom of Information Act, 5 U.S.C. § 552. All deposition transcripts and exhibits, briefs, pleadings or other filings (including all attachments and appendices) that incorporate or disclose Protected Information, Restricted Information, or Attorney/Expert Only Information may remain in the property of the parties' respective counsel and need not be destroyed, but shall not be made available to any party and shall remain subject to the terms and conditions of this Protective Order. Furthermore, notwithstanding the provisions of this paragraph, outside litigation counsel of record shall not be required to delete information that may reside on their respective firm's electronic back-up system that is over-written in the normal course of business.

## Challenging a Designation of Protected Information

18. If counsel for a non-designating party objects to the designation of certain information as Protected Information, Restricted Information, or Attorney/Expert Only Information, he or she shall inform counsel for the designating party, in writing, of the specific grounds of any objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, counsel for the party objecting to the designation may move for entry of an appropriate order by the court. Any motion for entry of such an order shall be filed within fourteen (14) days of the date on which counsel for the designating party received written notice of another party's objection to the designation of certain information as Protected Information, Restricted Information, or Attorney/Expert Only Information, and the information shall continue to have Protected Information, Restricted Information, or Attorney/Expert Only Information status from the time it is produced until the ruling by the court on the motion. The burden of proving that information has been properly designated as Protected Information, Restricted Information, or

Attorney/Expert Only Information is on the party that makes such a designation.

## General Provisions

19. Inadvertent or unintentional production or inspection of materials (including documents and physical objects) shall not constitute a waiver of the attorney-client privilege or work-product immunity or any other applicable privilege with respect to the materials if, as soon as reasonably possible after the producing party becomes aware of any inadvertent or unintentional disclosure, the producing party designates any such documents as within the attorney-client privilege or work-product immunity or any other applicable privilege and requests return of such documents to the producing party. Upon request by the producing party, the receiving party immediately shall return all inadvertently produced document(s) and any copies of such documents. Nothing herein shall prevent the receiving party from challenging the propriety of the relevant privilege designation by submitting a written challenge to the court in accordance with Paragraph 18.

20. By agreeing to the entry of this Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

21. This Protective Order represents the complete and entire agreement between the parties with respect to the disclosure and use of Protected Information, Restricted Information, or Attorney/Expert Only Information. It may be amended with leave of the court or by express order of the court. It also may be amended as to particular Protected Information, Restricted Information, or Attorney/Expert Only Information as a need may arise by agreement of the parties without prior leave of the court.

22. All notices under this Protective Order shall be served either by courier; express mail service with next-business-day delivery; or facsimile or email with a confirming copy by first class mail addressed to the attorney of record for the parties.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge

**Exhibit A**

I, _______________, hereby affirm that I have been informed by _______________, Esq., counsel for _______________, that some or all of the materials and documents shown to me contain or comprise Protected Information, Restricted Information, or Attorney/Expert Only Information as defined in the Protective Order agreed to by the parties in Stena Rederi AB v. United States, United States Court of Federal Claims case number 06-845C. I have been given a copy of the Protective Order, have reviewed it, and agree to abide by the terms and conditions set forth in the Order. Accordingly, I promise I have not and will not divulge, or undertake to divulge, to any person or recording device any Protected Information, Restricted Information, or Attorney/Expert Only Information shown or told to me except as authorized in the Protective Order. I will not use the Protected Information, Restricted Information, or Attorney/Expert Only Information for any purpose other than this litigation and I will abide by the terms of the Protective Order.

_________________________
Signature

Address:
______________________
______________________
______________________

Telephone No.: ___________________