# In the United States Court of Federal Claims

No. 06-845 C
(Filed: January 14, 2008)

| | |
|---|---|
| STENA REDERI AB, | * |
| Plaintiff, | * |
| v. | * |
| THE UNITED STATES, | * |
| Defendant, | * |
| and | * |
| L-3 COMMUNICATIONS TITAN CORPORATION, | * |
| Defendant-Intervenor. | * |

## ORDER

On January 9, 2008, defendant filed a motion for enlargement of time. In its motion, defendant requests a sixty-two (62) calendar day enlargement of time to the parties' discovery and claim construction deadlines. Defendant represents that its counsel discussed this motion with plaintiff's counsel, who has reserved the right to oppose defendant's motion pending review of the text.

The court previously entered a revised scheduling order, at the request of both parties, on November 7, 2007. The deadlines set forth in that revised scheduling order are as follows: completion of fact discovery by January 15, 2008; submission of joint claim construction statement and disclosure of experts and expert reports relied upon for claim construction by February 5, 2008; completion of expert discovery, if any, by March 14, 2008; submission of claim construction briefing by March 28, 2008; and scheduling of a Markman hearing no later than April 29, 2008. Defendant states that revisions to these deadlines are necessary due to the volume of documents being produced by both parties. Defendant states that the Department of the Navy has produced in excess of twenty-four thousand (24,000) electronic files and that, as recently as December 28, 2007, plaintiff has produced thousands of pages of documents that are responsive to defendant's requests. An enlargement of time to complete discovery, defendant

asserts, would allow both parties time to review documents and plan depositions appropriately. Additionally, defendant represents that, due to the number of depositions requested by plaintiff, including several RCFC 30(b)(6) depositions, additional time is necessary for it to adequately prepare.

Defendant also indicates that other events contained in the November 7 Scheduling Order, such as deadlines for expert discovery and dispositive motions, are contingent upon the issuance of the court's claim construction ruling and do not presently require modification. Defendant does, however, request that the trial date be rescheduled to reflect the requested enlargement.

The court determines that defendant's request is not unreasonable. **Accordingly, the court GRANTS defendant's motion and adopts defendant's proposed revisions to the November 7 Scheduling Order as follows:**

1. Joinder: The last day for the joinder of additional parties is **September 14, 2007.**

2. Fact Discovery: The parties shall complete fact discovery no later than **March 17, 2008.** Fact discovery may be reopened for a limited time to address additional issues raised by the claim construction, such motion to be filed within fourteen (14) days following the court's claim construction ruling on the patent at issue.

3. Claim Construction: The parties shall file a Joint Claim Construction Statement citing disputed claim terms and proposed constructions by **April 7, 2008**. The parties shall also disclose any experts and expert reports relied upon for purposes of claim construction, if any, by **April 7, 2008**. Expert discovery regarding claim construction, if any, shall be completed by **May 15, 2008.** The parties shall complete Claim Construction briefing no later than **May 29, 2008. A *Markman* hearing regarding claim construction shall be held no later than June 30, 2008.**

4. Expert Discovery:
    a. Disclosure of the identity and report for experts that will testify in support of a party's case in chief must be made no later than twenty-one (21) days after the court's claim construction ruling regarding the patent at issue;
    b. Disclosure of the identity and report for rebuttal experts be no later than forty-two (42) days after the court's claim construction ruling; and
    c. All expert discovery must be completed no later than sixty-three (63) days after the court's claim construction ruling.
    d. The parties will make experts available for deposition during the period prescribed for expert discovery.

5. Dispositive motions: The last day for filing motions for summary judgment concerning infringement by the accused device(s) on the patent issue and/or the validity of any claim of the patent at issue is 30 days after the completion of expert discovery.

6. The parties shall be ready for trial by **September 15, 2008.**

In their Joint Proposed Scheduling Plan, which accompanied the Joint Preliminary Status Report filed on June 11, 2007, the parties requested that trial take place in Washington, DC. The court assumes that the parties intended that the Markman hearing would also occur in Washington, DC. In the event that the parties determine that a different venue is more appropriate for the Markman hearing, they shall notify the court immediately such that proper arrangements can be made.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge