IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STENA REDERI AB, Plaintiff, v. THE UNITED STATES, Defendant. | ) | No. 1:06-cv-00845-MMS |

**PLAINTIFF STENA REDERI AB'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND THINGS**

Plaintiff Stena Rederi AB ("Stena") respectfully submits this reply to defendant the United States' response in opposition to Stena's motion to compel. For the reasons set forth below, Stena's motion should be granted.

**A. Defendant Does Not Dispute That The Notice And Assistance Clause *Requires* Contractors To Produce Documents At The Government's Request**

"[T]he Federal Rules provide open discovery and place the burden of justifying non-compliance with discovery obligations on the withholding party, not on the requesting party." *Int'l Action Ctr. v. U.S.*, No. 01-72 (GK), 2002 U.S. Dist. LEXIS 16874 at *5 (D.D.C. Aug. 30, 2002). The United States does not seriously dispute that it has the right, authority or ability to obtain the requested documents from its contractors and subcontractors under the Notice and Assistance Clause. Indeed, it admits that "[t]he Clause *requires* a contractor to 'furnish to the government, when requested . . . , all evidence and information in the possession of the [contractor] pertaining to [the infringement] claim.'" Op. Br. at 3.

Rather than demonstrating why it has no "control" over the documents, as contemplated by RCFC 34, the government asserts only that the control it admittedly has "is intended to

facilitate the government's efforts in developing its own defenses" and not "to benefit plaintiffs." *Id.* This argument misunderstands the discovery duty imposed by RCFC 34. The rule does not depend on the intent of the party who has "control" over the documents requested. It is well settled, and the express wording of the discovery rules makes clear, that a defendant has an affirmative duty to conduct an inquiry to get the information necessary to make full disclosure in response to a discovery request. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

The purpose of the rule is to make equally available relevant discovery to both parties, without regard to which party may benefit. The "benefit" contemplated by the discovery rules is not to one party or the other but to a just adjudication of the dispute based on a full disclosure of the relevant facts. In this case, the Government has a legal contract right to the requested documents. It need only ask and the requested documents will be produced.[1]

### B Defendant Has Not Established That Production Of The Requested Document Is Unduly Burdensome

The Government offers no facts to support any claim that production of its contractor's documents is unduly burdensome. It complains only that it must bear the cost of production, without establishing what that cost would likely be. Given that Stena's request is a narrow one, aimed at a single contractor, Nigel Gee, the designer of the accused vessel, and limited to documents relating to a specific government contract, it is extremely unlikely that the cost of

[1] The Government suggests that it does not have "an unfettered right to the contractor's documents; rather, . . .only the option to buy the copies and services from the contractor . . . ." Op. Br. at 6. This is a distinction without a difference. As admitted, the Notice and Assistance Clause *requires* that the documents be produced upon request.

their production will be significant. Indeed, Stena estimates that it will not exceed a box or two. Moreover, Stena has never refused to share in the cost of production or, if necessary, to bear the total cost -- because the Government never asked. Given that the expected expense for production of the documents is low, the failure of the Government to attempt to quantify the amount is suspect. If the expense were truly burdensome, one would expect the Government to provide some estimate of the costs involved.

As for the burden on Stena to obtain documents from Nigel Gee, a U.K. Company, through third-party discovery, there can be no dispute that it far exceeds the burden on the Government here. Stena's only recourse is to proceed under the Hague Convention, a time consuming and expensive process, which is ultimately likely to be ineffective. The discovery effort requires the issuance by this Court of a Letter of Request and transmittal of that Request to Nigel Gee through a central authority in the U.K. But by treaty reservation, the U.K. will not execute Letter Requests for pretrial civil document discovery and, thus, Stena's third-party discovery efforts are likely to be futile. On the other hand, the Government need only request production of the responsive documents, which, pursuant to its contract, it has the legal right to do.

### B. The Requested Documents Are Highly Relevant To The Issues In This Case

The Government asserts that the documents requested are not relevant because it is not subject to increased damages under 28 U.S.C. § 1498. Thus, it argues that "[it] is immaterial what Nigel Gee's thought processes were or how it prepared the design." This is simply not true because the purpose of the requested discovery has nothing to do with increased damages. For example, should Nigel Gee's documents establish that it was aware of Stena's '245 Patent and

incorporated its teachings into the X-Craft's design, such facts would be highly relevant to the issue of infringement, regardless of the absence of a remedy for increased damages. Evidence of outright copying of the patent would certainly be persuasive if the parties' experts disagree on infringement. In addition, the Government's attack on the validity of the '245 Patent includes the assertion that the claims of the patent are vague and indefinite under 35 U.S.C. § 112. *See* Defendant's Responses to Plaintiff Stena, Rederi, AB's First Set of Interrogatories to Defendant The United States at Response No. 12(4) (the relevant pages of which are attached hereto as Exhibit 1). If Nigel Gee's documents show that Nigel Gee used the same terminology as the patent claims, and understood the terms, clearly and unambiguously, such evidence would be extremely relevant to the issue of patent validity. Further, discovery from Nigel Gee is relevant to establish the scope of the infringing program, the amounts paid to Nigel Gee for it, and Nigel Gee's profits.

## CONCLUSION

Given the undisputed fact that the requested documents "are in the possession, custody or control" of the Government; given that the Government has not established any undue burden for their production; given that the request for production is limited to a small set of specific documents; given that Stena, as a practical matter, has no discovery alternative and is willing to bear or share in the cost of production; and given that the documents requested are highly relevant to the issues in this case, plaintiff Stena respectfully requests that the Court overrule defendant's objection to Stena's requests for the production of documents and order defendant to produce responsive documents from its contractor Nigel Gee.

Dated: January 28, 2008

By: 

David R. Yohannan, Esq.
KELLEY DRYE & WARREN LLP
3050 K Street, NW, Suite 400
Washington, DC 20007
202.342.8616
202.342.8451 (fax)

OF COUNSEL:

Joseph T. Casey, Jr., Esq.
LAW OFFICES OF JOSEPH T. CASEY, JR.
4507 North 32nd Road
Arlington, Virginia 22207
703.819.0439
703.536.1980 (fax)

Richard J. McGrath, Esq.
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
703.716.1191
703.716.1180 (fax)

*Attorneys for Plaintiff, Stena Rederi AB*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of January, 2008, I have caused a true and correct copy of PLAINTIFF STENA REDERI AB'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND THINGS to be served by hand delivery on:

Kirby W. Lee
Attorney
Intellectual Property Section
Commercial Litigation Branch, Civil Division
Department of Justice
1100 L Street, NW
Room 11110
Washington, DC 20005
(202) 307-0335
(202) 307-0345 (fax)
kirby.lee@usdoj.gov

*Attorney for the United States*

David R. Yohannan