# Exhibit 1

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| STENA REDERI AB, | ) | |
| Plaintiff, | ) | No. 06-845 C |
| v. | ) | Judge Margaret M. Sweeney |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSES TO PLAINTIFF STENA REDERI, AB'S FIRST SET OF INTERROGATORIES TO DEFENDANT THE UNITED STATES**

Pursuant to Rule 33 of the Rules of the United States Court of Federal Claims ("RCFC"), Defendant ("the government") hereby submits its responses to Plaintiff Stena Rederi, AB's First Set of Interrogatories to Defendant, dated September 13, 2007.

**COMMENTS AND GENERAL OBJECTIONS**

The following responses are based upon present information and belief. Although the government's preparation for trial continues, these responses are considered complete, unless indicated otherwise, based upon a reasonable review of the records and information available to Defendant's counsel. See RCFC 26(e). The government specifically reserves the right to supplement the responses as discovery progresses.

In the responses that follow, the identification of a document or thing in a response is not an admission that the document or thing is admissible at a hearing or trial of this action, e.g., as coming within an exception to the rule against hearsay. Furthermore, the identification of a document in response to a request is not an admission that the document is free of information that

**Interrogatory No. 12:** With respect to each of Claims 1-9 of the '245 patent, please state Defendant's contentions as to the validity of the claim and identify all information that supports the contention that the claim is invalid, including without limitation, identifying all Prior art which supports the allegation in Defendant's Answer that "Claims 1-9, inclusive, of the '245 patent are invalid for failure to comply with 35 U.S.C. §§ 102, 103, 112, and perhaps for additional reasons." Please include in the answer to this interrogatory an identification of both the particular portion of the information used to support the invalidity contention and the claim element that the particular portion of the information applies to.

**Defendant's Objections to Interrogatory No. 12**

Defendant specifically objects to this contention interrogatory as being premature. The court has not yet conducted a *Markman* hearing or issued a decision construing the claims of the patent. As a result, Defendant is unable to provide a complete and meaningful element-by-element validity analysis of the claims and cannot fully respond to the interrogatory. Defendant reserves the right to supplement its response as discovery progresses.

**Response to Interrogatory No. 12**

Without waiving the foregoing objections and in the interest of furthering discovery, Defendant provides the responses below, subject to the court's claim construction. Claims 1-9 inclusive are invalid for reasons including, but not limited to the following:

(1) Claims 1-9 of the '245 patent are invalid for obviousness under 35 U.S.C. § 103 at least in view of the Breslin reference (John P. Breslin & King Eng, Resistance & Seakeeping Performance

of New High Speed Destroyer Designs, *Davidson Laboratory Report 1082*, June 1965), either by itself or in combination with other prior art. Specifically, the Breslin references establishes that the differences between the prior art and the claimed invention of the '245 patent would have been obvious to one of ordinary skill in the art.

(2) Claims 1-9 of the '245 patent are invalid for obviousness under 35 U.S.C. § 103 at least in view of the Pien reference (P.C. Pien, Catamaran Hull-Form Design, Naval Ship Research & Development Center, *International Seminar on Wave Resistance (Tokyo)*, pp.185-198, February 1976), either by itself or in combination with other prior art. The Pien reference illustrates that the claimed invention of the '245 patent is nothing more than the predictable use of prior-art elements according to their established functions. The differences between the prior art and the claimed invention of the '245 patent would have been obvious to one of ordinary skill in the art in view of the Pien reference.

(3) Claims 1-9 of the '245 patent are invalid under 35 U.S.C. § 112, paragraph 1 for failure to provide sufficient written description to one of ordinary skill in the art and for lack of enablement. That is, the specification of the '245 patent does not describe the claimed invention so that one skilled in the art can recognize what is claimed, and it fails to enable one of ordinary skill in the art to practice the full range of that which is claimed.

(4) Claims 1-9 of the '245 patent are invalid under 35 U.S.C. § 112, paragraph 2 as being vague and indefinite. The patent fails to define certain claim terms such as "normally occurring hull draft," "volumetric centre-of-gravity," and "substantially greater" with sufficient clarity. Accordingly, the patentee has not particularly pointed out and distinctly claimed the invention.

Defendant specifically reserves the right to supplement this response as discovery progresses.